| | |
|---|---|
| 1 | JESSICA R. CORPUZ (SBN 279237) |
| 2 | jcorpuz@weintraub.com<br>CHLOË N. COLEMAN (SBN 343100) |
| 3 | ccoleman@weintraub.com<br>**WEINTRAUB TOBIN CHEDIAK** |
| 4 | **COLEMAN GRODIN LAW CORPORATION** |
| 5 | 10250 Constellation Boulevard, Suite 2900 |
| 6 | Los Angeles, California 90067<br>Telephone: (310) 858-7888 |
| 7 | Facsimile: (310) 550-7191 |
| 8 | JONATHAN P. FROEMEL (*pro hac vice pending*) |
| 9 | jonathan.froemel@btlaw.com<br>GARRETT S. LLEWELLYN (SBN 267427) |
| 10 | garrett.llewellyn@btlaw.com<br>**BARNES & THORNBURG LLP** |
| 11 | 2029 Century Park East, Ste. 300, Los Angeles, CA 90067 |
| 12 | Telephone: (310) 284-3880 |
| 13 | Attorneys for Petitioner |
| 14 | PAUL FRANK LIMITED |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL FRANK LIMITED, | Case No.: 2:25-cv-11415-ODW-Ex |
| Petitioner, | Hon. Otis D. Wright II<br>Courtroom 5D, First Street U.S. Courthouse |
| v. | |
| GRAND UNION INTERNATIONAL TRADING LIMITED, | **DECLARATION OF ZHENXIANG DU** |
| Respondent. | Date: February 23, 2026<br>Time: 1:30 p.m.<br><br>Petition Filed: October 24, 2025 |

#5051876v1

1
DECLARATION OF ZHENXIANG DU

# DECLARATION OF ZHENXIANG DU

I, Zhenxiang Du, declare and state as follows,

1. I am an attorney at law qualified to practice law in the People's Republic of China. My law firm is China Commercial (Quanzhou) Law Firm. I started practicing law as a qualified lawyer in 2013.

2. This Declaration is made in support of Paul Frank Limited's petition to vacate the final award rendered in an arbitration administered by JAMS, of arbitration reference number JAMS Ref. No. 5220002118.

3. As the counsel of Paul Frank Limited ("Paul Frank"), I represented Paul Frank in the litigation filed by Grand Union International Trading Limited ("Grand Union") as the plaintiff before Xuhui District People's Court of Shanghai, China (the "Shanghai Court") against the defendants Paul Frank and Wenzhou Wuji Trading Co., Limited for trademark infringement (the "Case"). The docket number of the Case is (2024) Hu 0104 Min Chu No. 25928.

4. In this Case, Grand Union submitted a notary certificate as its Exhibit 15, containing an English version of the Final Award rendered by JAMS (Arbitration Reference No. 5220002118) and its Chinese translation. A true and correct copy of Exhibit 15 is attached hereto as **Exhibit 1**.

5. Grand Union also submitted an Index of Exhibits, which contains a list of certain exhibits submitted by Grand Union. A true and correct copy of the original Chinese version of the Index of Exhibits is attached hereto as **Exhibit 2**. A true and correct copy of a certified translation of the Index of Exhibits is attached hereto as **Exhibit 3**.

6. In the Index of Exhibits, Grand Union provides a description of the "Purpose of Proof" for each Exhibit. For Exhibit 15, Grand Union described the "Purpose of Proof" as follows: "*According to the final award issued by JAMS based in the US, [it] determined that Paul Company's attempted unilateral termination of the parties' Master License Agreement is invalid and ineffective, and constituted breach of*

*the agreement, and all of Paul Company's arbitration claims were dismissed, and [it] determined that the Plaintiff is the prevailing party in the arbitration and the license agreement shall continue to be performed."*[1]

7. The Shanghai Court issued a First Instance Judgment in the Case on December 11, 2025. A true and correct copy of the original Chinese version of the First Instance Judgment is attached hereto as **Exhibit 4**. A true and correct copy of a certified translation of the First Instance Judgment is attached hereto as **Exhibit 5**.

8. In the First Instance Judgment, the Shanghai Court held that, according to the Final Award, the Master License Agreement between Paul Frank and Grand Union is still valid and effective. Specifically, the Shanghai Court stated as follows:

> *Regarding the fourth point of contention, this court holds that the arbitration tribunal has made an award of compensation for the contractual dispute, requiring Paul Company to pay Grand Union Company the "awarded amount", which was calculated according to the "wasted costs damages" method stipulated by U.S. law. Examining the basis and reasoning of the award, this compensation was made considering "assumes that Licensee will not resume activities, effectively resulting in a refund of the license fee to Grand Union for future periods even though Grand Union will [or would] now continue to have use of the license." "This essentially results in a 'double dipping' of damages". By awarding both all the wasted costs damages and resumption of the license, Grand Union is essentially receiving free use of the license until February 28. 2030." Based on the above text, **<u>it can be confirmed that the arbitrator ruled that Grand Union Company obtained the right to use the license for free until February</u>***

---

[1] The original Chinese version of Exhibit 15 contains some grammatical errors, indicated in brackets in the English text quoted in Paragraph 6 herein.

***28, 2030, meaning it could resume performing the contract**; however, considering the disputes between the parties, Grand Union Company might not be able to smoothly perform subsequent contracts and might not be able to effectively market the brand "Paul Frank" for which it paid license fees, therefore, when awarding compensation, the loss "assumes that Licensee will not resume activities" was considered, meaning it was assumed that Grand Union Company could not smoothly exercise its rights, and Paul Company would compensate Grand Union with the license fees collected for the future license period, as to allow Grand Union Company to use the brand "Paul Frank" for free. This compensation reflects a penalty for the breaching party and provides Grand Union Company with a double guarantee, that Grand Union Company may continue to perform the contract and use the brand "Paul Frank", and may also receive compensation of refunded cost of license if Grand Union Company's operation [of the brands] is not resumed. It can be found that the compensation amount awarded in the arbitration did not cover the scenario in the present case that Paul Company, after granting an exclusive license of the trademarks in question to Grand Union Company for use, constituted infringement by subsequently licensing the brand "Paul Frank" to third parties without permission. Therefore, even though Grand Union Company has already awarded the "awarded amount", it can still claim compensation for Paul Company's infringement disputed in this case, and this does not constitute double claiming.*

Exhibit 5 at 13 (emphasis added).

/ / /

/ / /

/ / /

| | |
|---|---|
| 1 | I declare under penalty of perjury under the laws of the United States that the |
| 2 | foregoing is true and correct. |
| 3 | Executed on  1 15, 2026 | 8:20 下午 PST , at Quanzhou, China. |

 

Zhenxiang Du
Attorney at Law
China Commercial (Quanzhou) Law Firm