**EXHIBIT 3**

# （2024）沪 0104 民初 25928 号
# 原告补充证据目录（二）

| 序号 | 证据名称 | 证明内容 | 页码 |
|---|---|---|---|
| 14 | 《主许可协议》及三次修订协议 | 宏联公司此前经保罗公司授权成为 Paul frank/大嘴猴品牌商标在中国大陆、香港及澳门地区的独占被许可方。 | 558-645 |
| 15 | 公证书（2025）沪静证经字第 549 号【关于 JAMS 仲裁最终裁决（编号：5220002118）】 | 根据美国 JAMS 国际仲裁中心的最终裁决，认定保罗公司意图单方解除终止双方《主许可协议》的行为无效、不生效，且构成对协议的违约，驳回其所有仲裁请求，认定原告在该仲裁案件中为胜诉方许可合同理应继续履行。 | 646-720 |
| 16 | 二期律师费支付凭证 | 证据 12 的补充，与其共同证明：原告已因本案支出律师费 100000 元。 | 721 |
| 17 | （2025）沪静证经字第 607 号公证书（网页及购买公证书） | 被告 1 在明知侵权的情况下仍继续销售案涉侵权产品（乃至开庭前仍在继续销售），拒不下架，主观恶意极大，侵权时间较久，侵权情节恶劣，收益巨大。 | 722-776 |
| 18 | 补充公证费发票及付款凭证 | 原告因本次补充公证（对应 607 号公证书）增加支出侵权商品购买费 94 元；公证费 1000 元。 | 777-778 |
| 19 | 保全担保费支出凭证 | 原告因本案已支出财产保全费 6500 元。 | 779-781 |

提交人：宏聯國際貿易有限公司

日期：2025 年 9 月 9 日

(2024) Hu 0104 Min Chu No. 25928

Plaintiff's Supplemental Exhibits Batch II

| Exhibit No. | Name of Exhibit | Purpose of Proof | Page |
|---|---|---|---|
| 14 | Master License Agreement and three Amendments | Grand Union was previously authorized by Paul Frank Limited and became the exclusive licensee of the Paul Frank brand trademarks in Mainland China, Hong Kong, and Macau | 558-645 |
| 15 | Notary Certificate (2025) Hu Jing Zheng Jing Zi No. 549 [regarding JAMS arbitration final award (No. 5220002118)] | According to the final award issued by JAMS based in the US, [it] determined that Paul Frank Limited's attempted unilateral termination of the parties' Master License Agreement is invalid and ineffective, and constituted a breach of the agreement, and all of Paul Frank Limited's arbitration claims were dismissed, and [it] determined that the Plaintiff is the prevailing party in the arbitration and the license agreement shall continue to be performed. | 646-720 |
| 16 | Payment voucher for the second installment of attorneys' fees | It is a supplement to Exhibit No. 12, which is to be taken together with Exhibit No. 12 to prove that: The Plaintiff has spent 100,000 Yuan for attorneys' fees in this case. | 721 |
| 17 | Notary Certificate (2025) Hu Jing Zheng Jing Zi No. 607 (notary certificate regarding webpage and purchase) | Despite clear knowledge of the infringement, Defendant No. 1 continued to sell the underlying infringing products (sales were even ongoing before the hearing started) and it refused to remove them from the shelf. Its conduct is of extreme bad faith, spans a lengthy period of infringement, and the infringement is of egregious circumstances, and it has generated substantial profits. | 722-776 |
| 18 | Invoices and payment voucher for supplementary notarization | In connection with this supplementary notarization (Notarial Certificate No. 607), the Plaintiff additionally spent 94 Yuan for the purchase of infringing goods and 1,000 Yuan for notarial fees. | 777-778 |
| 19 | Payment voucher for guarantee costs for preservation | The Plaintiff has already expensed 60,000 Yuan for the guarantee cost for property preservation in this case | 779-781 |



Submitted by: Grand Union International Trading Limited

Date: September 9, 2025