**EXHIBIT 4**

# 上海市徐汇区人民法院

## 民 事 判 决 书

（2024）沪 0104 民初 25928 号

原告：宏联国际贸易有限公司（GRAND UNION INTERNATIONAL TRADING LIMITED），住所地香港特别行政区金钟夏悫道 18 号海富中心 1 座 26 楼 10-11 室。

法定代表人：郑波，董事。

委托诉讼代理人：罗浩，上海汉盛律师事务所律师。

委托诉讼代理人：贾春雨，上海汉盛律师事务所律师。

被告：温州武吉贸易有限公司，住所地浙江省温州市瑞安市飞云街道宋家埭村（浙江中驰体商用品有限公司内 6 号楼 4 层-3）。

法定代表人：朱维敏。

委托诉讼代理人：叶永泉，浙江玉海律师事务所律师。

委托诉讼代理人：南志慧，浙江玉海律师事务所律师。

被告：保罗弗兰克有限公司（PAUL FRANK LIMITED），住所地香港特别行政区九龙尖沙咀漆咸道南 87- 105 号百利商业中心 13 楼 1131 室。

法定代表人：王志铭。董事。

委托诉讼代理人：杜振祥，广东华商（泉州）律师事务所律师。

委托诉讼代理人：郭淑波，广东华商（泉州）律师事务所律

- 1 -

师。

原告宏联国际贸易有限公司（以下简称宏联公司）与被告温州武吉贸易有限公司（以下简称武吉公司）、保罗弗兰克有限公司（以下简称保罗公司）、上海寻梦信息技术有限公司（以下简称寻梦公司）侵害商标权纠纷一案，本院于2024年12月12日立案，依法适用普通程序，组成合议庭进行审理。被告保罗公司在答辩期内提出管辖权异议，本院审查后依法裁定予以驳回，保罗公司不服本院裁定，提起上诉，上海知识产权法院依法裁定驳回上诉，维持本院裁定。本院遂于2025年9月9日、11月14日进行了预备庭审，并于11月28日公开开庭进行了审理。原告宏联公司的委托诉讼代理人罗浩、贾春雨，被告武吉公司的委托诉讼代理人叶永泉、南志慧，被告保罗公司的委托诉讼代理人杜振祥、郭淑波，被告寻梦公司的委托诉讼代理人柳楠、黄伟分别到庭参加诉讼。庭审中，宏联公司确认拼多多平台已配合其提供所要求的涉案店铺及商品的销售情况等信息，当庭申请撤回对寻梦公司的起诉，本院已口头裁定予以准许。本案现已审理终结。

原告宏联国际贸易有限公司向本院提出诉讼请求，判令被告：1.武吉公司立即停止侵害原告"Paul Frank/大嘴猴"品牌（以下简称"大嘴猴品牌"）商标独占许可使用权的行为（包括立即停止使用"大嘴猴品牌"商标生产、销售、推广商品、下架全部侵权商品链接以及销毁全部侵权产品库存等）；2.保罗公司立即停止侵害原告"大嘴猴品牌"商标独占许可使用权的行为（包括停止使用及授权其他方使用前述商标的行为）；3.寻梦公司立即停止侵害原告"大嘴猴品牌"商标独占许可使用权的行为，立即下架涉案侵权店铺中所销售的所有侵权商品链接；4.武吉公司、保罗公司共同赔偿原告经济损失人民币（币种下同）3,000万元以

- 2 -

及合理维权开支费用 102,411 元(律师费 100,000 元、公证费 2,000
元、侵权商品购买费 411 元);5 寻梦公司对武吉公司、保罗公
司的前述赔偿责任承担连带责任。

　　审理中,宏联公司明确其在本案中主张侵权之诉,非合同之
诉。同时,变更诉讼请求为判令被告:1. 武吉公司立即停止侵害
原告"大嘴猴品牌"商标独占许可使用权的行为(包括立即停止
使用"大嘴猴品牌"商标生产、销售、推广商品、下架全部侵权
商品链接以及销毁全部侵权产品库存等);2. 保罗公司立即停止
侵害原告"大嘴猴品牌"商标独占许可使用权的行为(包括停止
使用及授权其他方使用前述商标的行为);3. 武吉公司、保罗公
司共同赔偿原告经济损失 500 万元以及合理维权开支费用
102,411 元(含律师费 100,000 元、公证费 2,000 元、侵权商品
购买费 411 元)。

　　事实和理由:宏联公司是"大嘴猴品牌"商标在中国大陆、
澳门以及香港地区所有商品类别上的独占被许可方,独占许可使
用权期限自 2015 年 1 月 1 日至 2030 年 2 月 28 日。"大嘴猴品牌"
商标经过宏联公司的多年苦心经营及大量成本及心血投入,成功
打开中国市场,许可商品投入市场后,取得了市场和消费者的认
可,"大嘴猴品牌"商标的美誉进一步提高,具有极大的知名度
及品牌影响力。宏联公司从未许可武吉公司使用"大嘴猴品牌"
商标从事开展相关品牌产品的生产、销售、推广等活动,但武吉
公司私自在拼多多平台开设"PAUL FRANK 鞋类官方旗舰店"(以
下简称涉案被控侵权店铺),并在被控侵权店铺的头像、名称以
及店铺内产品链接、商品详情介绍页、商品实物上等多处使用"大
嘴猴品牌"项下的第 7196334 号、第 10065953 号、第 10065563
号、第 10065935 号、第 3627293 号商标(以下统称涉案权利商标)

- 3 -

并销售及推广"大嘴猴品牌"的鞋类产品(以下简称被控侵权产
品),严重侵犯了原告的合法权益。同时,经通过拼多多平台查
询,涉案被控侵权店铺的经营者信息中披露显示保罗公司向武吉
公司出具的授权书,载明保罗公司授权武吉公司在拼多多平台开
设涉案被控侵权店铺,推广和销售第 25 类商标中(商标注册证号:
第 7196334 号、第 10065953 号)列明的 18 岁以上的成人硫化鞋
品类的商品,授权期间自 2023 年 11 月 3 日至 2024 年 12 月 31 日。
保罗公司作为"大嘴猴品牌"的品牌方,明知其与宏联公司间存
在仍有效存续的商标独占许可协议,宏联公司享有"大嘴猴品牌"
商标的独占被许可使用权,且这一权利同时经中国法院判决及外
国仲裁机构裁决最终确认的事实,但保罗公司仍故意擅自授权第
三方使用"大嘴猴品牌"的商标,严重侵犯了宏联公司在先享有
的独占许可使用权益。同时武吉公司高度关联公司(如其 100%控
股母公司温州流珍贸易有限公司等)此前长期与宏联公司保持合
作,接受宏联公司的授权在其他许可渠道及范围内使用"大嘴猴
品牌"的商标,且宏联公司多次不断重申强调其是该品牌商标在
中国大陆、香港及澳门地区的独占授权被许可方,对此武吉公司
亦明知或者应该知晓。但武吉公司未经原告同意许可,仍与保罗
公司恶意合谋串通开设涉案被控侵权店铺以及在被控侵权产品上
使用"大嘴猴品牌"的相关商标,亦严重侵害宏联公司的合法权
益;且在宏联公司多次书面警告之后仍不予理睬、拒不下架,继
续长期实施侵权行为。两被告侵权的主观恶意极大,侵权时间较
久,情节恶劣,已给宏联公司造成重大经济损失以及极其恶劣的
负面影响。针对两被告的上述侵权行为,宏联公司此前已分别多
次向寻梦公司书面告知并要求其尽快采取删除、屏蔽、断开链接、
下架等必要措施,但寻梦公司在被明确告知前述两被告实施故意

- 4 -

侵权的情况下仍怠于履行平台应尽的义务，客观上为侵权行为提供了便利条件，导致侵权行为持续存续，严重侵害了宏联公司的合法权益。现原告为维护自身的合法权益，依法提起诉讼，望判如诉请。

被告温州武吉贸易有限公司辩称，不同意宏联公司的全部诉讼请求，理由如下：1.武吉公司销售、推广保罗公司的"大嘴猴"商标系经过合法授权，不应承担相应的赔偿责任。2.宏联公司与保罗公司的纠纷，结怨颇深，但武吉公司当时并不知晓。武吉公司已经取得了"大嘴猴品牌"注册商标权利人保罗公司的完整授权，已尽到了相应的注意义务，并无侵权故意。3.本案是保罗公司与宏联公司合同纠纷衍生的案件，构成重复起诉。即使认为侵权行为存在，武吉公司也是善意第三人，不应承担相应的责任。4.武吉公司长久以来一直与保罗公司及"大嘴猴品牌"存在合作，是一脉相承的。而保罗公司和宏联公司间的合同纠纷案已经美国最终裁决，宏联公司获得 3,000 多万美元的赔偿，此赔偿显然系保罗公司对宏联公司合同履行情况的弥补，宏联公司无权再主张赔偿。美国的仲裁员没有明确宏联公司得到赔偿后，还存在继续履行合同的可能性，其实宏联公司已经获得了双重许可，若本案再支持侵权行为成立的话，则宏联公司获取了三重权利保障，这明显与法律规定的填平原则相悖。5.武吉公司只是销售商，没有生产行为，而且在拼多多网店中的销量不高，仅 1 万多单，销售金额约 100 余万元，按拼多多上 5%利润算，宏联公司主张的金额明显偏离事实，应予驳回。

被告保罗弗兰克有限公司辩称，驳回宏联公司的全部诉讼请求，理由如下：1.法院对本案不具有主管权，保罗公司与宏联公司间的合同明确约定双方若有纠纷由美国仲裁机构仲裁,本案纠

纷实质是基于双方间的合同产生的纠纷，无论是以合同纠纷为由，还是以侵权纠纷为由提起诉讼，均应根据当事人间的合意提交仲裁解决，人民法院不享有管辖权。宏联公司在本案中虽以侵权为由提出相应的诉讼请求，但该部分纠纷仍处于仲裁条款的约束范围，现宏联公司通过侵权之诉规避合同仲裁条款的约束，法院不应予以支持，首先应当裁定驳回宏联公司的起诉。2. 宏联公司已经不是"大嘴猴品牌"商标的独占使用被许可方，不再是"大嘴猴品牌"商标的利害关系人，不具备提起商标侵权诉讼的权利，宏联公司的原告主体不适格。首先，因宏联公司存在诸多重大违约，包括未经许可使用商标的假冒注册商标犯罪行为，保罗公司已于 2022 年 9 月 23 日解除并终止了双方间的主许可协议，双方因此发生的纠纷已由美国仲裁机构于 2025 年 7 月 2 日作出最终仲裁裁决，仲裁员撤销了临时裁决中的实际履行措施和禁令性质的临时措施或建议，明确不会对任何一方施加新的履行要求或任何禁令等，仲裁员驳回了宏联公司继续履行合同的请求，用损害赔偿代替实际履行，合同约定期限至 2030 年 2 月 28 日止，对应的许可费已作为浪费成本的损害赔偿金额，故主许可协议于 2022 年 9 月 23 日起不再履行，即宏联公司至此已不是"大嘴猴品牌"商标的独占被许可使用方。其次，在其他关联案件中，可看出宏联公司已经将其享有的"大嘴猴品牌"商标的独占许可使用权转授权给红纺文化有限公司（以下简称红纺公司）。红纺公司已获得"大嘴猴品牌"商标的独占许可使用权，故宏联公司依法就不再是"大嘴猴品牌"商标的利害关系人，无权提起本案诉讼。3. 本案被告均不存在宏联公司所诉的侵害商标权行为。保罗公司是"大嘴猴品牌"商标的注册专用权人，宏联公司基于主许可协议获得商标使用许可，双方之间仅存在商标使用合同关系。宏联公司主

张保罗公司授权给第三方使用商标，侵害其在先享有的独占权益，该诉请实为主张保罗公司违反合同的违约行为，是基于主许可协议的约定产生的纠纷，是违约之诉，而非侵权之诉。退一步讲，即使宏联公司可以主张侵权之诉，那么根据我国民法典相关规定，因一方当事人的违约行为损害对方人身权益或财产权益的，受损害方有权选择请求其承担违约责任或者侵权责任，故宏联公司依法只能选择其中之一主张权利。宏联公司已经选择依据合同约定的仲裁条款在美国申请仲裁解决合同违约纠纷，便已无权提起本案侵权诉讼，本案为重复起诉。4.保罗公司作为涉案"大嘴猴品牌"商标的注册专用权人，在终止对宏联公司的授权许可后，有权另行许可他人使用商标，保罗公司许可武吉公司使用商标合法有效，寻梦公司经审查，允许武吉公司在拼多多上开设销售店铺，均为合法行为，不存在商标侵权。

根据当事人陈述和经审查确认的证据，本院认定事实如下：

保罗公司系"大嘴猴品牌"商标的注册专用权人，该品牌项下在我国注册有多枚商标，包括原告主张的涉案权利商标，即第7196334 号"⚇"、第 10065953 号"**paul frank**"、第 10065563 号"⚇"、第 10065935 号"大嘴猴"、第 3627293 号"PAUL FRANK"商标，均核定使用商品为第 25 类的服装、鞋等，且均在有效期内。

2015 年 1 月 1 日，保罗弗兰克实业有限责任公司（许可方）与宏联公司（被许可方）签订《主许可协议》及其《附录》《附表》，主要约定由保罗弗兰克实业有限责任公司（以下简称保罗实业公司）将其拥有的包含涉案权利商标在内的商标与版权等知识产权，以独家、可转授权且不可转让的方式许可宏联公司使用。"许可商品"是指所有的商品类别，包括服装、时尚饰品、鞋类、

化妆品等。"许可区域"是指中国大陆、香港和澳门。"许可期限"自 2015 年 1 月 1 日至 2030 年 2 月 28 日止，除非根据本《协议》的条款和条件提前终止。为避免疑义，在协议限期到期后或按本文规定在本《协议》提前终止后，本《协议》项下授予的所有许可及其他权利均归还给许可方。许可费陆仟伍佰万美元。《主许可协议》还对其他事项作了约定。

2018 年 4 月 17 日、2021 年 8 月 19 日、2022 年 2 月 10 日，保罗实业公司（许可方）与宏联公司（被许可方）先后分别签订了《主许可协议第一修订协议》《主许可协议第二修订协议》《主许可协议第三修订协议》，双方主要约定，若履行《主许可协议》发生纠纷，如果双方无法按照上述调解解决争议，则根据加利福尼亚州法律对在该州订立和待履行的协议的法律，此类争议（包括确定本协议的仲裁范围或适用性）应由加利福尼亚州洛杉矶的仲裁机构，在一名仲裁员[该仲裁员应为加利福尼亚州洛杉矶县的联邦法院或州法院的退休法官，或者是在争议标的领域中至少有十（10）年活跃实践的律师]前裁决。该仲裁应由 JAMS 根据仲裁时有效的全面仲裁规则和程序执行。由仲裁员做出的任何裁决可以由任何有管辖权的法院登记和执行。同时，双方确定上述保罗实业公司与宏联公司签订的《主许可协议》中的许可方的权利和义务于 2020 年 12 月 10 日起全部转让至保罗公司。

2020 年 12 月 11 日，保罗公司发函给宏联公司，通知并确认了《主许可协议》中许可方的权利和义务已转由保罗公司的事实。附件所列的"大嘴猴品牌"商标共有 280 枚，著作权作品 5 幅。

上述《主许可协议》履行期间，双方发生争议，2022 年 8 月 24 日，保罗公司向宏联公司发出《协议解除通知函》，认为宏联公司有该函所列的重大实质性违约行为，保罗公司特此通知宏联

公司解除协议。

2022 年 9 月 16 日，宏联公司回函已收到上述解除通知函，但否认有保罗公司提出的违约行为，表示《主许可协议》将依然有效。

2022 年 9 月 23 日,保罗公司向宏联公司发出《主许可协议》解除生效通知：关于 2022 年 8 月 24 日的《协议解除通知函》，此本通知函旨在确认《主许可协议》的解除于 2022 年 9 月 23 日正式生效。

2022 年 9 月 29 日，宏联公司回函称完全不同意保罗公司在《终止通知函》中有关宏联公司实质性违反主许可协议的违约指控，宏联公司不同意、也不接受保罗公司单方对《主许可协议》的终止和解除。宏联公司要求继续履行《主许可协议》，否则，保罗公司应就宏联公司及宏联公司所有相关第三方所遭受损失、损害和负面影响承担完全责任。为保护自身权益，宏联公司等将在美国、中国和全球其它地方采取所有必要措施全面维权。

2022 年 9 月 30 日，保罗公司发出《告"paulfrank"品牌授权经营者书》，其作为"大嘴猴品牌"商标的注册专用权人函告针对中国区域内（包括香港和澳门）的授权经营业务，函告与宏联公司签订的《主许可协议》自 2022 年 9 月 23 日起正式解除，立即失效；宏联公司及其各下级被授权商经销商、供应商等须立即停止与"大嘴猴品牌"经营有关的所有活动，并给予一定期限的库存清理期；保罗公司同时全面推行使用"大嘴猴品牌"，并对侵权者予以打击等。

2022 年 11 月 22 日，保罗公司（申请人）向美国加州国际仲裁中心 JAMS 提起仲裁，要求宏联公司进行赔偿。

2022 年 12 月 16 日,宏联公司（被申请人）向仲裁庭提出反

请求, 要求裁定宏联公司不构成主许可协议中定义的"重大违约";
裁定所谓的终止主许可协议是无效的(或退一步讲, 是错误的);
裁令保罗公司向宏联公司支付损害赔偿金, 赔偿金额将在本仲裁
程序中确定, 包括利息; 裁令保罗公司不得干涉宏联公司与分许
可的被许可方的关系, 并仅通过宏联公司与分许可的被许可方联
系等。

在上述美国仲裁案件审理过程中, 保罗公司作为商标专用权
人开始开展"大嘴猴品牌"商标授权许可等业务, 保罗公司将"大
嘴猴品牌"项下的有关商标以普通许可, 或排他许可的方式许可
给泉州市瑞亚品牌管理有限公司(以下简称瑞亚公司), 并进行
了备案登记。当事人提供的备案公告显示许可使用期限自 2023 年
5 月 1 日至 2024 年 4 月 30 日。期间, 保罗公司对其认为的侵权
行为还进行维权, 包括申请公证取证、向天猫发《申诉函》、向
法院起诉等。

同时期, 红纺公司、红纺公司上海分公司起诉保罗公司和宏
联公司侵害商标权及不正当竞争, 在该案中, 红纺公司因与宏联
公司曾签订《许可协议》, 故其和红纺公司上海分公司以其系"大
嘴猴品牌"商标和著作权的独占许可使用人的身份作为原告提起
维权诉讼。2024 年 12 月 31 日, 山东省高级人民法院出具(2024)
鲁民终 795 号民事裁定书, 认为一审法院判决认定基本事实不清,
程序不当, 发回重审。其中, 对于红纺公司与宏联公司之间是否
存在有效的许可合同、红纺公司是否履行了其与宏联公司之间的
合同, 该裁定书均认为一审认定不清。庭审中, 保罗公司与宏联
公司均确认该发回重审案日前尚未结案。

就保罗公司的维权案件, 上海知识产权法院于 2024 年 5 月
30 日分别作出了(2023)沪 73 民终 952 号、(2023)沪 73 民终

957 号民事判决书，该两案均驳回了保罗公司的上诉请求。认为
该两案被告使用"大嘴猴品牌"相关标识等被诉行为是否构成侵
权，取决于宏联公司是否存在保罗公司主张的重大违约行为、保
罗公司与宏联公司签订的《主许可协议》是否因保罗公司单方解
除合同的行为而解除等保罗公司与宏联公司之间的争议。鉴于《主
许可协议》及相关修订协议约定的授权期限尚未届满，而保罗公
司与宏联公司之间的上述争议仍在国外仲裁机构仲裁程序中，故
该两案中被告方使用涉案商标等被诉侵权行为属于经授权的合法
行为还是侵权行为目前均无法认定。在《主许可协议》所涉仲裁
程序尚未有结果，相关协议是否解除尚未确定的情况下，保罗公
司提起的侵权之诉，不予支持。

　　2024 年 6 月 6 日，美国的仲裁庭出具了《中间裁决》，裁决
中阐述了上述仲裁案件的审理情况，并裁定：保罗公司的《终止
通知》和《〈主许可协议〉终止函》无效。保罗公司在意图终止许
可的同时，未允许宏联公司对保罗公司终止协议主张的违约事由
进行任何纠正或合作，宏联公司无法对其支付许可费的品牌进行
有意义的开发。保罗公司的违约行为对宏联公司造成了极大损害。
宏联公司的分许可被许可方也可能遭受了重大经济损失。宏联公
司被剥夺了剩余 8 年的利益，这占了其已经支付的 7,350 万美元
预付款（6,500 万美元+850 万美元）中的一大部分。结论：宣布
保罗公司意图终止《主许可协议》的行为无效；支持宏联公司就
保罗公司未履约的情况对其提出的反请求，并根据所耗费的成本
（含加利福尼亚州法律规定的利息）裁定宏联公司可就保罗公司
违约所造成的损失获得赔偿；根据经修订的《主许可协议》的条
款，命令保罗公司必须：1. 在本仲裁最终裁决作出后 30 日内向宏
联公司提供一份最新的经公证的授权书、一份经公证的最新维权

授权委托书、一套完整的由保罗公司拥有的与该品牌有关的所有相关商标注册证；2. 在宏联公司提出书面要求时，持续向宏联公司提供所需的任何上述正式文件的替换和更新；3. 不得干涉宏联公司与其分许可被许可方之间的关系。迄今为止的仲裁费用和成本未予裁决。关于上述补救措施以及为仲裁员做出最终裁决做准备，在本中间裁决发布之日起一周内应完成。

宏联公司收到上述（2023）沪73民终952号、（2023）沪73民终957号民事判决书和《中间裁决》后，于2024年7月8日向"拼多多平台"发函，告知宏联公司在许可期限2015年1月1日至2030年2月28日内持续享有"大嘴猴品牌"在中国大陆、香港、澳门地区知识产权独占许可权及转授权权利，保罗公司在宏联公司独占许可期限内不得自行使用、也不得自行授权给其他第三方使用宏联公司在先享有的独占权益。保罗公司及相关主体在许可期限内所实施的损害宏联公司独占权益的行为，依法需承担违约或侵权责任。宏联公司要求拼多多平台不要继续允许保罗公司重复授权客户在拼多多开设店铺，否则要一并考虑追究平台的法律责任。宏联公司在函件中附上了上述中间裁决的部分内容及两份判决书、保罗公司授权瑞亚公司商标使用许可的备案公告。

宏联公司与此同时亦在开展品牌授权业务，于2024年8月15日出具《品牌授权书》给温州流珍贸易有限公司（以下简称流珍公司），授权流珍公司及其合作的主播在"快手"平台进行"大嘴猴品牌"宣传推广与销售成人鞋产品。授权期限自2024年8月15日至2025年6月20日止。

寻梦公司系拼多多平台的经营者，其收到上述函件后认为宏联公司并未依照拼多多平台公示的知识产权投诉指引的方式投诉，且向有关店铺核查后，店铺有商标权利人保罗公司的授权，

故未采取禁售等措施。

2024 年 9 月 3 日，宏联公司再次发告知函给寻梦公司，重申了前份函的内容，并要求寻梦公司主动清理、删除相关店铺，不允许保罗公司授权开设店铺销售"大嘴猴品牌"相关产品。函件附了上述（2023）沪 73 民终 952 号、（2023）沪 73 民终 957 号民事判决书。

宏联公司发现武吉公司在拼多多平台上开设有"PAUL FRANK 鞋类官方旗舰店"，销售"大嘴猴品牌"商标的多款鞋子，商品下方的已拼数量较大，宏联公司遂于 2024 年 11 月 19 日申请了时间戳认证以固定证据，并向武吉公司发出《停止侵权警告函》，申明宏联公司系"大嘴猴品牌"的独占被许可使用方，要求武吉公司停止使用保罗公司的品牌授权书，下架被控侵权店铺内的产品，并主动联系赔偿事宜。该函件后附（2023）沪 0107 民初 24237 号及（2023）沪 73 民终 952 号民事判决书。

武吉公司未回复，宏联公司于 2024 年 12 月 12 日提起本案诉讼。

本案审理中，宏联公司分别于 2025 年 4 月 8 日、8 月 20 日至上海市静安公证处申请证据保全公证，该公证处分别出具了（2025）沪静证经字第 214 号、607 号公证书。根据该取证内容，显示宏联公司的代理人先后两次浏览武吉公司开设的涉案被控侵权店铺，店铺内的商品名称中使用了"大嘴猴"文字，代理人分别购买四款鞋子，共支付 411 元。

庭审中，在当事人确认上述购买的鞋子封存完好的情况下，当庭予以拆封，发现系不同款式的四双鞋子，在鞋盒、鞋子、吊牌上均有第 10065953 号、第 10065563 号注册商标，部分鞋子还标有第 3627293 号商标，并标注有®。鞋盒上还标注了总授权商

保罗公司及被授权商、制造商的名址。

武吉公司确认上述购买的鞋子系其销售。保罗公司确认涉案购买的鞋子系保罗公司授权生产，系"大嘴猴品牌"的正品。

武吉公司和寻梦公司均提供证据，证明武吉公司于 2023 年在拼多多上开设"PAUL FRANK 鞋类官方旗舰店"时，提供了保罗公司的品牌授权书。2024 年 6 月 29 日，武吉公司又提供了瑞亚公司的品牌授权书。前后共有 4 份授权书，内容基本相同，主要内容：授权武吉公司在拼多多平台开设"PAUL FRANK 鞋类旗舰店"，有权推广和销售第 25 类商标中列明的 18 岁以上的成人硫化鞋(拖鞋及雨鞋除外，尺码女式 35 码以上、男式 39 码以上)、注塑鞋（尺码女式 35 码以上）品类的商品。授权方承诺在上述期间内不在拼多多平台开设"PAULFRANK 鞋类旗舰店"，亦不再授权其他公司在拼多多平台开设"PAULFRANK 鞋类旗舰店"。4 份授权书的授权时间延续，期间跨度为 2023 年 7 月 5 日至 2026 年 4 月 30 日。4 份授权书的抬头处均标注了第 10065953 号、第 10065563 号注册商标的图标，但只有其中一份授权书在授权推广和销售第 25 类商标中列明的鞋子时标注了商品的商标注册证号：第 7196334 号、第 10065953 号。

因寻梦公司在本案审理中依据宏联公司提供证据的时间披露了 2025 年 4 月 8 日公证购买的商品的销量，宏联公司向本院提出调取"PAULFRANK 鞋类旗舰店"全店销售量的申请。经本院发函调取，寻梦公司提供涉案被控侵权店铺的总销售额为 1,068,600 余元。涉案被控侵权店铺现已改名，店铺内的涉案"大嘴猴品牌"产品均已下架。

本案审理中，宏联公司提供经公证认证并附有翻译的上述美国仲裁庭于 2025 年 7 月 2 日出具的"最终裁决"，与本案争议有

关的内容如下："六、责任结论 签署本裁决的仲裁员就责任问题作出裁决，认定宏联公司并未构成重大违约，而保罗公司存在重大未履约的情况，因此宏联公司有权基于合同违约理论获得损害赔偿，该赔偿数额依据浪费成本标准计算。……鉴于上述责任认定构成了向宏联公司判予损害赔偿的依据，双方在 2024 年 6 月 25 日至 2025 年 5 月 28 日期间就损害赔偿提交的各种书面陈述以及其他请求和动议中对此进行了讨论和辩论，仲裁员已撤回《中间裁决》中规定的强制履行和禁令型临时措施或建议。这些禁令措施是当事方在仲裁管辖范围内、于损害赔偿具体救济方式和金额最终确定之前，为减轻损害避免未来对品牌或商业关系造成伤害、防止损失发生和/或维护既有商业关系及潜在合作可能、和/或实现有序退出而可能采取的措施或依据。但相关措施大部分遭到当事方的忽视或有限公司反对。因此，现阶段仲裁员未对任何当事方施加新的履约要求或任何禁令救济措施（例如要求提供正式文件等），即不强制其恢复原状、维持现状或使其行为符合《主许可协议》或《第二次修订》条款的规定。……浪费成本损害赔偿计算是指，向宏联公司退还从协议终止日至 2030 年《主许可协议》到期日期间对应的许可费部分。该条款默认被许可方不会恢复运营，这导致宏联公司将（或可能将）继续保有该许可的使用权的同时，仍能获得未来时段许可费的退款。因此，对于恢复许可....（将）使宏联公司后续得以继续享有《主许可协议》权益的事实并未纳入考量。这实质上构成了损害赔偿的'双重受偿'。通过裁定所有浪费成本和恢复许可，宏联公司基本上获得了直至 2030 年 2 月 28 日的许可证的免费使用权。""八、裁决摘要 （a）被申请人未对申请人构成经修订《主许可协议》所定义的可诉的重大违约；（b）驳回申请人在本仲裁中提出的所有救济请求；（c）

- 15 -

申请人针对被申请人作出的《主许可协议》终止行为无效、不生效，且构成对该协议的违约；（d）被申请人未能证明其有权就申请人在争议期间违反《主许可协议之第二修订协议》的行为主张损害赔偿；（e）被申请人通过对申请人提出的反索赔，有权就申请人未履约和拒不履约的行为获得金钱损害赔偿，具体金额包括：（a）基于仲裁中确定的浪费成本赔偿，计 26,966,117 美元；及（b）加利福尼亚州法律准许的任何利息。（f）申请人应向被申请人支付 36,016,389.14 美元（包括：（a）26,966,117 美元损害赔偿金本金，及（b）自 2022 年 2 月 23 日起至最终裁决之日止按 10%单利计算的利息 9,050,272.14 美元）（统称"裁决金额"），另加（c）自最终裁决之日起至全部履行完毕之日止，对裁决金额中任何未支付部分按年利率 10%的单利（即日利率 0.027%）计算的利息。（g）被申请人为胜诉方。（h）本案不就费用或成本作出裁决。仲裁程序所涉全部费用应由所有各当事方自行承担其相应份额。"

宏联公司陈述对于上述"最终裁决"，宏联公司现正在申请司法承认及执行过程中。

另查明，宏联公司与上海汉盛律师事务所于 2025 年 3 月 27 日分别签订《律师委托代理合同》《法律服务协议》，约定为本案，宏联公司支付一审、二审、执行基础律师服务费 10 万元，另约定了支付风险代理费的计算方式等。2025 年 4 月 10 日、8 月 15 日，宏联公司各支付了 5 万元律师费。上海市静安公证处分别于 2025 年 4 月 17 日、9 月 1 日收取宏联公司上述两份公证书的公证费各 1,000 元。

上述事实，有宏联公司、武吉公司、保罗公司、寻梦公司的庭审陈述，以及各方当事人提供的在案附卷的证据、庭审笔录佐

证，业经质证属实，本院予以确认。

本院认为，本案争议的焦点为：一、宏联公司是否有权提起本案侵权之诉，是否系本案的适格主体；二、武吉公司的行为是否构成商标侵权，是否适用合法来源抗辩；三、合同纠纷在仲裁处理过程中，宏联公司对权属争议未定的"大嘴猴品牌"商标提起侵权之诉，是否系一案两诉，其主张的侵权事实是否成立；四、仲裁庭就合同纠纷作出的赔偿裁决是否已涵盖本案之情形，宏联公司已获得"裁决金额"，再行主张赔偿是否系重复索赔，保罗公司就本案行为应否予以赔偿。

针对争议焦点一，本院认为，当事人的该项争议涉及三个点，首先，宏联公司与保罗公司虽然在签订的《主许可协议》中约定合同纠纷提交美国仲裁庭仲裁，排除了我国法院的管辖权，但宏联公司明确在本案中不主张合同纠纷，其主张侵权纠纷。双方就侵权行为的管辖机构并无约定，故应循法定。我国法院对发生在我国境内的侵权案件当然具有管辖权，故本院对保罗公司提出的法院对本案不具有主管权的抗辩意见不予采纳。其次，虽然我国相关法律规定，因一方当事人的违约行为损害对方人身权益或财产权益的，受损害方有权选择请求其承担违约责任或者侵权责任，但是，该规定适用于违约行为同时又构成侵权的竞合情形，需当事人择一法律关系进行维权，不能既依合同纠纷主张权利，又依侵权纠纷获赔。而本案的侵权纠纷，虽然与合同违约有一定关联，但提前终止合同的违约纠纷，并不必然同时产生涉案被控侵权行为，即合同违约行为与涉案被控侵权行为互为独立，并不竞合，当事人不必二选一，其既可选择合同之诉，也可选择侵权之诉。本院对被告提出的本案系重复起诉，宏联公司已就合同纠纷申请仲裁，不能再行提起侵权之诉的抗辩意见不予采纳，宏联公司具

有本案诉权。最后，虽然红纺公司与宏联公司间亦有侵权之诉在案，红纺公司以"大嘴猴品牌"独占被许可使用人的名义主张权利，但该案件已被山东省高级人民法院裁定发回重审，目前尚未结案，即宏联公司是否已将其从保罗公司获得的"大嘴猴品牌"的独占被许可使用权转让给红纺公司的事实并未查清，红纺公司主张的权利并未被认定。因此，现有证据仍能证明宏联公司系"大嘴猴品牌"的独占被许可使用权人，其有权提起本案诉讼，是本案的适格主体。

针对争议焦点二，本院认为，首先，武吉公司是销售商，其在拼多多上开设店铺销售"大嘴猴品牌"的商品，宏联公司公证购买到的鞋子上明确标注了总授权商保罗公司及被授权商、制造商的名址，均非武吉公司，故宏联公司无证据证明武吉公司系涉案被控侵权产品的生产商，应承担举证不能的法律后果。宏联公司在无证据的情况下，坚持主张武吉公司系生产商，应承担生产者的责任，于法无据，本院不予支持。其次，武吉公司在拼多多上开设涉案被控侵权店铺时，获得了"大嘴猴品牌"商标权利人保罗公司的授权，其销售的鞋子亦被验证为保罗公司授权生产，故作为销售者，武吉公司已尽到必要的审查注意义务。至于宏联公司与保罗公司间的商标权利之争，作为一般销售商的武吉公司难以知晓。宏联公司庭审中称流珍公司与武吉公司系关联公司，两公司实控人相同，宏联公司授权流珍公司销售"大嘴猴品牌"商品，故武吉公司应当知晓"大嘴猴品牌"的独占许可使用人系宏联公司，保罗公司无权使用涉案商标，武吉公司有明知故犯的侵权恶意。流珍公司与武吉公司均系独立的法人主体，是否系实控人相同的关联公司，相互业务混同，彼此明知，在武吉公司予以否认时，宏联公司的证据难以证明其观点，依据不足，本院难

- 18 -

以采信。退一步讲，即使两公司股权上有一定关联，在案证据显
示武吉公司得到保罗公司授权开设涉案被控侵权店铺在先，宏联
公司授权流珍公司销售在后，宏联公司以在后的行为推断在先行
为的恶意，有违逻辑，于法无据，本院不予支持。此外，宏联公
司主张即使武吉公司在拼多多上开店售货得到了保罗公司及瑞亚
公司的品牌授权，该些授权为销售第 7196334 号、第 10065953 号
商标的鞋子，授权书的抬头处标注的是第 10065563 号商标图标，
并未授权使用第 10065935 号"大嘴猴"及第 3627293 号商标，而
武吉公司销售的部分鞋子上有第 3627293 号商标，其在商品名称
中均使用了"大嘴猴"文字，属于超出授权范围使用商标，至少
可认定侵害了该两枚商标的权利，武吉公司应对此承担侵权赔偿
责任。本院认为对于销售商的注意义务，及合法来源审查，不能
苛以过于严格的条件。第 3627293 号与第 10065953 号商标均为字
母，仅为大小写区别，在隔离状态下比对，亦可定为相同标识，
而且，"大嘴猴品牌"项下有数百枚商标，分别由大小写字母、
图案、文字、文字和图案组合等构成，消费者习惯称之为"大嘴
猴"商标。庭审中，保罗公司、宏联公司在陈述时亦常统称"大
嘴猴品牌"，故武吉公司在取得保罗公司的授权，授权书中标注
了销售第 10065953 号商标的商品，授权书抬头处标注的第
10065563 号图文组合商标中有"大嘴猴"字样，授权店铺的名称
又明确为"PAUL FRANK 鞋类官方旗舰店"的情况下，其销售的部
分鞋子上有大写字母的第 3627293 号"PAUL FRANK"商标，在商
品名称中使用"大嘴猴"，系向消费者指示其得到授权的店铺销
售的是"大嘴猴品牌"的商品。武吉公司的行为并非超出授权范
围的故意侵权行为，作为销售者已尽到了合理的注意审查义务，
故不应当承担侵权赔偿责任。

　　针对争议焦点三，本院认为，合同纠纷尚在仲裁处理过程中，合同是否应提前解除，宏联公司是否仍有"大嘴猴品牌"商标的独占被许可使用权尚在仲裁争议审理中，宏联公司对权属争议未定的商标以相关权利人的身份提起侵权之诉，确有不妥之处，有维权不适时，浪费司法资源之嫌。但是，如上述针对争议焦点一的分析内容，本案侵权之诉虽然与仲裁过程中的合同纠纷有一定的关联，但合同解除与否的纠纷并不必然同时产生本案被诉之侵权事实，故原告提起本案诉讼并非一案两诉。鉴于在本案审理过程中，合同纠纷因仲裁庭出具"最终裁决"结案，双方对于"大嘴猴品牌"商标的权利争议已于 2025 年 7 月 2 日因"最终裁决"的出具而止争。因此，保罗公司的涉案行为是否构成侵权，应依"最终裁决"的结果判断。"最终裁决"认定保罗公司针对宏联公司作出的《主许可协议》终止行为无效、不生效，且构成对该协议的违约。据此，可以认定双方当事人签订的《主许可协议》有效，保罗公司不得擅自提前终止合同，即在合同约定的有效期内，宏联公司是"大嘴猴品牌"商标的独占被许可使用权人，保罗公司虽为商标的注册专用权人，但依法无权使用"大嘴猴品牌"商标。保罗公司在《主许可协议》有效期内行使的涉案对外进行商标许可的被控侵权行为，侵害了宏联公司依合同约定享有的对"大嘴猴品牌"商标的独占被许可使用权，侵占了宏联公司的市场份额，造成宏联公司损失，应依法承担停止侵权、赔偿损失的民事责任。保罗公司提出其作为商标的注册专用权人，在终止对宏联公司的授权许可后，有权另行许可他人使用商标，于法无据，本院不予支持。

　　针对争议焦点四，本院认为，仲裁庭就合同纠纷已作出赔偿裁决，由保罗公司支付宏联公司"裁决金额"，该"裁决金额"

依据美国法律规定的"浪费成本损害赔偿"的计算方式计算。究
其裁决依据及思路，该赔偿的作出系考虑了"默认被许可方不会
恢复运营，这导致宏联公司将（或可能将）继续保有该许可的使
用权的同时，仍能获得未来时段许可费的退款""这实质上构成
了损害赔偿的'双重受偿'。通过裁定所有浪费成本和恢复许可，
宏联公司基本上获得了直至 2030 年 2 月 28 日的许可证的免费使
用权"，依上述表述，可以确定仲裁员裁定宏联公司获得了直至
2030 年 2 月 28 日的许可证的免费使用权，即可恢复继续履行合
同，但考虑到双方产生的纠纷，宏联公司可能无法顺利履行后续
的合同，无法对其支付了许可费的"大嘴猴品牌"进行有效的市
场开发，故赔偿时考虑"默认被许可方不会恢复运营"的损失，
即默认宏联公司不能顺利行使权利，保罗公司将收取的后续的许
可费赔偿给宏联公司，让宏联公司免费使用"大嘴猴品牌"。该
赔偿体现了对违约者的惩罚，给了宏联公司双重保障，宏联公司
既可以继续履行合同，使用"大嘴猴品牌"，又可以在不恢复运
营时，获得退许可使用费的补偿。可见，仲裁赔偿金额并未涵盖
本案保罗公司已将涉案权利商标独占许可给宏联公司使用后，又
擅自使用"大嘴猴品牌"对外进行授权之侵权情形。故宏联公司
已获得"裁决金额"，仍可就本案保罗公司的侵权行为主张赔偿，
并非重复索赔。

综上所述，武吉公司不是生产商，宏联公司主张其系涉案"大
嘴猴品牌"鞋子的生产商不予支持。武吉公司在拼多多上开设店
铺销售涉案"大嘴猴品牌"的商品，已尽到注意审查义务，无侵
权故意，不应承担赔偿责任。武吉公司的涉案被控侵权店铺已改
名，店铺内的涉案"大嘴猴品牌"产品均已下架，故本院对宏联
公司要求判决武吉公司停止侵权，下架商品链接的诉求不予支持。

保罗公司的涉案侵权行为成立，应依法承担停止侵权、赔偿损失的民事责任。

关于宏联公司主张的经济损失，因原告无法举证其因涉案侵权行为遭受的实际损失和保罗公司的侵权获利，要求适用法定赔偿，符合相关法律规定，本院予以准许。本院综合考量涉案权利商标的知名度、保罗公司的过错程度、侵权时间、侵权商标使用方式对商品销量的贡献度、侵权行为产生的损害后果等本案情节酌情予以确定。同时，宏联公司在庭审中明确表示其主张的侵权期间和范围，尚有其他类似案件在诉讼中，故其在本案中主张保罗公司赔偿范围以武吉公司在涉案拼多多上开设的被控侵权店铺中"大嘴猴品牌"商品的销售金额为限。关于原告主张的合理开支，虽然其提供了证据，但其主张的律师费偏高，本院根据律师、公证行业的收费标准、案件维权的难易程度等本案案情，酌情支持其中的合理部分。

依照《中华人民共和国商标法》第四十三条第一款、第四十八条、第六十三条第一款、第三款，《最高人民法院关于审理商标民事纠纷案件适用法律若干问题的解释》第三条第一项、第十六条第二款、第十七条规定，判决如下：

一、被告保罗弗兰克有限公司于本判决生效之日起立即停止侵害原告宏联国际贸易有限公司涉案权利商标独占被许可使用权的行为；

二、被告保罗弗兰克有限公司于本判决生效之日起十日内赔偿原告宏联国际贸易有限公司经济损失及合理开支共计 168,000元；

三、驳回原告宏联国际贸易有限公司的其余诉讼请求。

如果未按本判决指定的期间履行给付金钱义务，应当依照《中

华人民共和国民事诉讼法》第二百六十四条之规定，加倍支付迟
延履行期间的债务利息。

案件受理费 46,800 元、财产保全费 5,000 元，由原告宏联国
际贸易有限公司负担 31,200 元，被告保罗弗兰克有限公司负担
20,600 元。

如不服本判决，可以在判决书送达之日起三十日内，向本院
递交上诉状，并按对方当事人的人数或者代表人的人数提出副本，
上诉于上海知识产权法院。



审　判　长　　王利民

审　判　员　　吕清芳

审　判　员　　王维佳

二〇二五年十二月十一日

本件与原本核对无异

书　记　员　　蔡佳妮

附：相关法律条文

一、《中华人民共和国商标法》

第四十三条　商标注册人可以通过签订商标使用许可合同，许可他人使用其注册商标。

......

第四十八条　本法所称商标的使用，是指将商标用于商品、商品包装或者容器以及商品交易文书上，或者将商标用于广告宣传、展览以及其他商业活动中，用于识别商品来源的行为。

第五十七条　有下列行为之一的，均属侵犯注册商标专用权：

......

（七）给他人的注册商标专用权造成其他损害了。

第六十三条　侵犯商标专用权的赔偿数额，按照权利人因被侵权所受到的实际损失确定；实际损失难以确定的，可以按照侵权人因侵权所获得的利益确定；权利人的损失或者侵权人获得的利益难以确定的，参照该商标许可使用费的倍数合理确定。对恶意侵犯商标专用权，情节严重的，可以在按照上述方法确定数额的一倍以上五倍以下确定赔偿数额。赔偿数额应当包括权利人为制止侵权行为所支付的合理开支。

......

权利人因被侵权所受到的实际损失、侵权人因侵权所获得的利益、注册商标许可使用费难以确定的，由人民法院根据侵权行为的情节判决给予五百万元以下的赔偿。

二、《最高人民法院关于审理商标民事纠纷案件适用法律若干问题的解释》

商标法第四十三条规定的商标使用许可包括以下三类：

（一）独占使用许可，是指商标注册人在约定的期间、地域和以约定的方式，将该注册商标仅许可一个被许可人使用，商标注册人依约定不得

使用该注册商标；

　　　　……

　　第十六条 ……

　　人民法院在适用商标法第六十三条第三款规定确定赔偿数额时，应当
考虑侵权行为的性质、期间、后果，侵权人的主观过错程度，商标的声誉
及制止侵权行为的合理开支等因素综合确定。

　　　　……

　　第十七条 商标法第六十三条第一款规定的制止侵权行为所支付的合
理开支，包括权利人或者委托代理人对侵权行为进行调查、取证的合理费
用。

　　人民法院根据当事人的诉讼请求和案件具体情况，可以将符合国家有
关部门规定的律师费用计算在赔偿范围内。