**EXHIBIT 5**

# Shanghai Xuhui District People's Court

# Civil Judgment

(2024) H 0104 MC No. 25928

Plaintiff: GRAND UNION INTERNATIONAL TRADING LIMITED; Address: Unit 10-11, 26/F., Tower 1, Admiralty Centre, 18 Harcourt Road, Admiralty, Hong Kong SAR.

Legal Representative: Director Zheng Bo.

Agent ad litem: Luo Hao, a lawyer of HanSheng Law Offices.

Agent ad litem: Jia Chunyu, a lawyer of HanSheng Law Offices.

Defendant: Wenzhou Wuji Trading Co., Ltd.; address: Songjiadai Village, Feiyun Sub-district, Ruian City, Wenzhou City, Zhejiang Province (Building 6, 4/F - 3, inside Zhejiang Zhongchi Sports Goods Co., Ltd.).

Legal representative: Zhu Weimin.

Agent ad litem: Ye Yongquan, a lawyer of Zhejiang Yuhai Law Office.

Agent ad litem: Nan Zhihui, a lawyer of Zhejiang Yuhai Law Office.

Defendant: PAUL FRANK LIMITED; address: Room 1331, 13/F, Beverley Commercial Centre, 87-105 Chatham Road South, Tsim Sha Tsui, Kowloon, Hong Kong SAR.

Legal representative: Director Stanley Yook-Loong WAN.

Agent ad litem: Du Zhenxiang, a lawyer of China Commercial (Quanzhou) Law Firm.

Agent ad litem: Guo Shubo, a lawyer of China Commercial (Quanzhou) Law Firm.

Regarding the case of disputes over trademark infringement between Plaintiff Grand Union International Trading Limited (hereinafter referred to as the Grand Union Company) and Defendants Wenzhou Wuji Trading Co., Ltd. (hereinafter referred to as the Wuji Company), PAUL FRANK LIMITED (hereinafter referred to as the Paul Company), and Shanghai Xunmeng Information Technology Co., Ltd. (hereinafter referred to as the Xunmeng Company), this court accepted the case on December 12, 2024, applied the ordinary procedure in accordance with the law, and formed a collegial panel to hear the case. Defendant Paul Company raised an objection to jurisdiction within the period for submitting a defense. After review, this court ruled to reject it in accordance with the law. Paul Company, dissatisfied with this court's ruling, filed an appeal, and the Shanghai Intellectual Property Court ruled to reject the appeal in accordance with the law and upheld this court's ruling. This court then held preliminary hearings on September 9 and November 14, 2025, and conducted an open trial on November 28. Luo Hao and Jia Chunyu, the agents ad litem of Plaintiff Grand Union Company; Ye Yongquan and Nan Zhihui, the agents ad litem of Defendant Wuji Company; Du Zhenxiang and Guo Shubo, the agents ad litem of Defendant Paul Company; and Liu Nan and Huang Wei, the agents ad litem of Defendant Xunmeng Company, all appeared in court to participate in the proceedings. During the trial, the Grand Union Company confirmed that the Pinduoduo platform had cooperated by providing the requested information, such as sales data for the stores and goods involved in the case. The Grand Union Company then applied in court to withdraw its lawsuit against the Xunmeng Company, which this court has orally ruled to grant. The case has now been tried and concluded.

Plaintiff Grand Union International Trading Limited filed a request with this court, seeking an order for the Defendants: 1. The Wuji Company to immediately cease infringing the Plaintiff's exclusive license to use the "Paul Frank" brand (hereinafter referred to as the brand "Paul Frank") trademark, including immediately ceasing to use the "Paul Frank" brand trademark to produce, sell, and promote goods, taking down all infringing product links, and destroying all infringing product inventory, etc. 2. The Paul Company to immediately cease infringing the Plaintiff's exclusive license to use the "Paul Frank" brand trademark, including ceasing to use and authorize other parties to use the aforementioned trademark; 3. The Xunmeng Company to immediately cease infringing the Plaintiff's exclusive license to use the "Paul Frank" brand trademark, and immediately take down all infringing product links sold in the infringing stores involved in the case; 4. The Wuji Company and the Paul Company to jointly compensate the Plaintiff for economic losses of RMB 30,000,000 (currency hereinafter

the same) and reasonable rights protection expenses of RMB 102,411 (including attorney's fees of RMB 100,000, notarization fees of RMB 2,000, and infringing product purchase fees of RMB 411); 5. The Xunmeng Company is to bear joint and several liability for the aforementioned compensation obligations of the Wuji Company and the Paul Company.

During the trial, the Grand Union Company clarified that it was asserting an infringement claim, not a contract claim, in this case. Concurrently, the request was changed to order the Defendants: 1. The Wuji Company to immediately cease infringing the Plaintiff's exclusive license to use the "Paul Frank" brand trademark, including immediately ceasing to use the "Paul Frank" brand trademark to produce, sell, and promote goods, taking down all infringing product links, and destroying all infringing product inventory, etc. 2. The Paul Company to immediately cease infringing the Plaintiff's exclusive license to use the "Paul Frank" brand trademark, including ceasing to use and authorize other parties to use the aforementioned trademark; 3. The Wuji Company and the Paul Company to jointly compensate the Plaintiff for economic losses of RMB 5,000,000 and reasonable rights protection expenses of RMB 102,411 (including attorney's fees of RMB 100,000, notarization fees of RMB 2,000, and infringing product purchase fees of RMB 411).

Facts and Reasons: The Grand Union Company is the exclusive licensee of the "Paul Frank" brand trademark across all product categories in Chinese mainland, Macao SAR and Hong Kong SAR, with the exclusive licensed use right valid from January 1, 2015, to February 28, 2030. Through the Grand Union Company's diligent operation and substantial investment of costs and effort over many years, the "Paul Frank" brand trademark successfully entered the Chinese market. After the licensed products were launched, they gained market and consumer recognition, further enhancing the "Paul Frank" brand trademark's reputation and establishing significant popularity and brand influence. The Grand Union Company has never authorized the Wuji Company to use the "Paul Frank" brand trademark for activities such as the production, sale, or promotion of related brand products. However, the Wuji Company unilaterally opened a "PAUL FRANK Footwear Official Flagship Store" (hereinafter referred to as the alleged infringing store in question) on the Pinduoduo platform. In multiple locations, including the alleged infringing store's avatar, name, product links within the store, product detail pages, and physical products, the Wuji Company used trademarks under the brand "Paul Frank", specifically Nos. 7196334, 10065953, 10065563, 10065935, and 3627293 (hereinafter collectively referred to as the trademarks in question), and sold and promoted footwear products of the brand "Paul Frank" (hereinafter referred to as the alleged infringing products),

severely infringing upon the Plaintiff's legitimate rights and interests. Concurrently, a query on the Pinduoduo platform revealed that the operator information for the alleged infringing store in question disclosed a Letter of Authorization issued by the Paul Company to the Wuji Company. This letter stated that the Paul Company authorized the Wuji Company to open the alleged infringing store in question on the Pinduoduo platform to promote and sell vulcanized footwear products for adults aged 18 and above, as specified under Class 25 trademarks (trademark registration Nos.: 7196334, 10065953), with the authorization period from November 3, 2023 to December 31, 2024. The Paul Company, as the brand owner of the brand "Paul Frank", was fully aware of the existing and valid exclusive License Agreement for the trademark between itself and the Grand Union Company, and that the Grand Union Company possessed the exclusive license to the "Paul Frank" brand trademark. This right was also ultimately confirmed by judgments from Chinese courts and rulings from foreign arbitration institutions. Despite this, the Paul Company deliberately and without authorization permitted a third party to use the "Paul Frank" brand trademark, severely infringing upon the Grand Union Company's pre-existing exclusive licensed use rights and interests. Concurrently, the Wuji Company's highly affiliated companies (such as its 100% controlling parent company, Wenzhou Liuzhen Trading Co., Ltd., etc.) had previously maintained long-term cooperation with the Grand Union Company, accepting the Grand Union Company's authorization to use the "Paul Frank" brand trademark through other licensed channels and within other scopes. Furthermore, the Grand Union Company had repeatedly emphasized that it is the exclusive authorized licensee of this brand trademark in the Chinese mainland, Macao SAR and Hong Kong SAR. The Wuji Company was either aware of this or should have been aware. However, without the Plaintiff's consent or authorization, the Wuji Company maliciously colluded with the Paul Company to open the alleged infringing store in question and use the relevant "Paul Frank" brand trademarks on the alleged infringing products, thereby also severely infringing upon the Grand Union Company's legitimate rights and interests; and after repeated written warnings from the Grand Union Company, they still ignored them, refused to delist the products, and continued to carry out infringing acts for a long period. The two Defendants exhibited extreme subjective malice in their infringement, which lasted for a considerable time and involved egregious circumstances, causing significant economic losses and extremely adverse negative impacts to the Grand Union Company. Regarding the aforementioned infringing acts of the two Defendants, the Grand Union Company had previously informed the Xunmeng Company in writing multiple times and requested it to promptly take necessary measures, such as deleting, blocking, disconnecting links, and delisting. However, despite

being clearly informed that the two aforementioned Defendants were committing deliberate infringement, the Xunmeng Company neglected to fulfill its platform obligations, objectively providing facilitating conditions for the infringing acts, leading to their continued existence and severely infringing upon the Grand Union Company's legitimate rights and interests. The Plaintiff now files this lawsuit in accordance with the law to protect its legitimate rights and interests, hoping the court will rule as requested.

Defendant Wenzhou Wuji Trading Co., Ltd. argued that it disagrees with all of the Grand Union Company's claims, for the following reasons: 1. The Wuji Company's sale and promotion of the Paul Company's "Paul Frank" trademark were conducted under legitimate authorization and therefore it should not bear corresponding liability for compensation. 2. The dispute between the Grand Union Company and the Paul Company involved deep-seated grievances, but the Wuji Company was unaware of this at the time. The Wuji Company has obtained full authorization from the Paul Company, the registered trademark owner of the brand "Paul Frank", and has fulfilled its corresponding duty of care, thus having no intent to infringe. 3. This case is a derivative case arising from a contract dispute between the Paul Company and the Grand Union Company, constituting repetitive litigation. Even if infringing acts are deemed to exist, the Wuji Company is a bona fide third party and should not bear corresponding liability. 4. The Wuji Company has long maintained a consistent partnership with the Paul Company and the brand "Paul Frank". The contract dispute between the Paul Company and the Grand Union Company has been subject to a final award in the United States, with the Grand Union Company receiving over USD 30 million in compensation. This compensation is clearly a remedy for the Paul Company's performance of the contract to the Grand Union Company, and the Grand Union Company is no longer entitled to claim further compensation. The arbitrator in the United States did not clarify the possibility of the Grand Union Company continuing to perform the contract after receiving compensation. In fact, the Grand Union Company has already obtained a double license. If this case were to further uphold the establishment of infringement, the Grand Union Company would obtain double rights protection, which is clearly contrary to the legal principle of full compensation. 5. The Wuji Company is merely a seller and has no manufacturing activities. Furthermore, its sales volume in the Pinduoduo online store is not high, with only over 10,000 orders and a sales amount of approximately RMB 1 million. Based on a 5% profit margin on Pinduoduo, the amount claimed by the Grand Union Company clearly deviates from the facts and should be dismissed.

Defendant PAUL FRANK LIMITED argued for the dismissal of all of the Grand Union Company's claims, stating the following reasons: 1. The court lacks jurisdiction over this case. The contract between the Paul Company and the Grand Union Company explicitly stipulates that any disputes between the parties shall be resolved by arbitration by a US arbitration institution. The dispute in this case is essentially a dispute arising from the contract between the parties. Regardless of whether the lawsuit is filed on the grounds of a contract dispute or an infringement dispute, it should be submitted to arbitration for resolution according to the agreement between the parties, and the People's Court does not have jurisdiction. Although the Grand Union Company has filed corresponding claims in this case on the grounds of infringement, this part of the dispute still falls within the scope of the arbitration clause. The Grand Union Company is now attempting to circumvent the constraints of the contractual arbitration clause through an infringement lawsuit, which the court should not support. The court should first rule to dismiss the Grand Union Company's lawsuit. 2. The Grand Union Company is no longer the exclusive licensee of the "Paul Frank" brand trademark and is no longer an interested party in the "Paul Frank" brand trademark. Therefore, it does not have the right to file a trademark infringement lawsuit, and the Grand Union Company lacks standing as a Plaintiff. Firstly, due to the Grand Union Company's numerous material breaches, including criminal acts of counterfeiting registered trademarks by unauthorized use of trademarks, the Paul Company terminated and ended the *Master License Agreement* between the parties on September 23, 2022. The disputes arising therefrom have been subject to a final arbitration award by a US arbitration institution on July 2, 2025. The arbitrator vacated the specific performance measures and injunctive interim measures or recommendations in the Interim Award, explicitly stating that no new performance requirements or injunctions would be imposed on either party. The arbitrator dismissed the Grand Union Company's request to continue performing the contract, substituting specific performance with damages. The contractually agreed term was until February 28, 2030, and the corresponding license fees have been treated as damages for wasted costs. Therefore, the *Master License Agreement* ceased to be performed from September 23, 2022, meaning the Grand Union Company is no longer the exclusive licensee of the "Paul Frank" brand trademark. Secondly, in other relations, it can be seen that the Grand Union Company has sub-licensed its exclusive license to the "Paul Frank" brand trademark to China Brands Group (hereinafter referred to as "CBG"). CBG has obtained the exclusive license to the "Paul Frank" brand trademark. Therefore, the Grand Union Company is no longer an interested party in the "Paul Frank" brand trademark under the law and has no right to file the present lawsuit. 3. None of the Defendants in this case has

committed the trademark infringement acts alleged by the Grand Union Company. The Paul Company is the registered exclusive right holder of the "Paul Frank" brand trademark. The Grand Union Company obtained a trademark license based on the *Master License Agreement*, and only a contractual relationship for trademark use exists between the two parties. The Grand Union Company claims that the Paul Company authorized a third party to use the trademark, infringing its previously enjoyed exclusive rights. This claim is in fact an assertion of the Paul Company's breach of contract, a dispute arising from the terms of the *Master License Agreement*, and is a breach of contract action, not an infringement action. Even if the Grand Union Company could bring an infringement action, according to relevant provisions of China's Civil Code, if one party's breach of contract harms the other party's personal rights or property rights, the aggrieved party has the right to choose to request the assumption of either contractual liability or tort liability. Therefore, the Grand Union Company can only choose one of them to assert its rights in accordance with the law. The Grand Union Company has already chosen to apply for arbitration in the United States to resolve the contractual breach dispute based on the arbitration clause stipulated in the contract, and thus no longer has the right to file the present infringement lawsuit. This case constitutes a repetitive lawsuit. 4. The Paul Company, as the registered exclusive right holder of the "Paul Frank" brand trademark involved in the case, has the right to license others to use the trademark after terminating the authorization and license to the Grand Union Company. The Paul Company's license to the Wuji Company to use the trademark is legal and valid. The Xunmeng Company, after review, allowed the Wuji Company to open a sales store on Pinduoduo. All these are legal acts, and there is no trademark infringement.

Based on the statements of the parties and the evidence confirmed after review, this court finds the following facts:

The Paul Company is the registered exclusive right holder of the "Paul Frank" brand trademark.

Multiple trademarks have been registered under this brand in China, including trademarks in question claimed by the Plaintiff, namely trademarks No. 7196334 " ", " **paul frank** ", No. 10065563 " ", No. 10065935 " 大嘴猴 ", and No. 3627293 " PAUL FRANK ". All of these trademarks are approved for use on goods in Class 25, such as clothing and shoes, and are all within their validity period.

On January 1, 2015, Paul Frank Industries LLC (Licensor) and the Grand Union Company

(Licensee) signed the *Master License Agreement*, its Appendix, and Schedule, primarily stipulating that Paul Frank Industries LLC (hereinafter referred to as Paul Frank Industries) would license the Grand Union Company to use its intellectual property rights, including trademarks and copyrights, which comprise the trademarks in question, in an exclusive, sublicensable, and non-transferable manner. "Licensed products" refers to all product categories, including apparel, fashion accessories, footwear, cosmetics, etc. "Territory" refers to Chinese mainland, Macao SAR and Hong Kong SAR. The "licensed term" shall be from January 1, 2015 to February 28, 2030, unless earlier terminated in accordance with the terms and conditions of this Agreement. For the avoidance of doubt, all licenses and other rights granted under the Agreement shall be returned to the Licensor after the expiration of the term of the Agreement or the early termination of the Agreement as specified herein. The license fees are USD sixty-five million. The *Master License Agreement* also stipulated other matters.

On April 17, 2018, August 19, 2021, and February 10, 2022, Paul Frank Industries (Licensor) and the Grand Union Company (Licensee) successively signed the *Agreement on the First Amendment to the Master License Agreement*, the *Agreement on the Second Amendment to the Master License Agreement*, and the *Agreement on the Third Amendment to the Master License Agreement*, respectively. The parties primarily agreed that, should disputes arise in the performance of the *Master License Agreement*, in the event that the parties are unable to resolve a dispute through mediation as described above, then such Dispute (including the determination of the scope or applicability of this Agreement to Arbitrate) shall be settled by arbitration in Los Angeles, California, before a single arbitrator (the arbitrator shall be a retired judge of the federal court or state court of Los Angeles County, California, or a lawyer who has been active in the subject matter of the dispute for at least ten (10) years), in accordance with the laws of the State of California governing agreements made and to be performed in that state. The arbitration shall be conducted by JAMS in accordance with the comprehensive arbitration rules and procedures in effect at the time of the arbitration. Any award made by the arbitrator may be registered and enforced by any court of competent jurisdiction. Concurrently, the parties determined that all rights and obligations of the Licensor under the *Master License Agreement* signed by Paul Frank Industries and the Grand Union Company were transferred to the Paul Company effective December 10, 2020.

On December 11, 2020, the Paul Company sent a letter to the Grand Union Company, notifying and confirming the fact that the Licensor's rights and obligations under the *Master License Agreement* had been transferred to the Paul Company. The "Paul Frank" brand

trademarks listed in the Annex total 280, along with 5 copyrighted works.

During the performance of the aforementioned *Master License Agreement*, disputes arose between the parties. On August 24, 2022, the Paul Company issued a *Notice of Termination of Agreement* to the Grand Union Company, asserting that the Grand Union Company had committed the material breaches listed in the letter, and the Paul Company hereby notified the Grand Union Company of the termination of the agreement.

On September 16, 2022, the Grand Union Company replied, confirming receipt of the aforementioned notice of termination, but denied the breaches alleged by the Paul Company, stating that the *Master License Agreement* would remain valid.

On September 23, 2022, the Paul Company issued a notice to the Grand Union Company regarding the effective termination of the *Master License Agreement*: With reference to the *Notice of Termination of Agreement* dated August 24, 2022, this notice serves to confirm that the termination of the *Master License Agreement* officially became effective on September 23, 2022.

On September 29, 2022, the Grand Union Company replied, stating its complete disagreement with the Paul Company's breach allegations in the *Notice of Termination* regarding Grand Union Company's material breach of the *Master License Agreement*. The Grand Union Company neither agreed to nor accepted the Paul Company's unilateral termination and rescission of the *Master License Agreement*. The Grand Union Company demanded continued performance of the *Master License Agreement*; otherwise, the Paul Company should bear full responsibility for all losses, damages, and negative impacts suffered by the Grand Union Company and all its relevant third parties. To protect its legitimate rights and interests, the Grand Union Company and others will take all necessary measures to fully protect their rights in the United States, China, and other parts of the world.

On September 30, 2022, the Paul Company issued a *Letter to Licensed Operators of "paulfrank" Brand*, in which, as the registered exclusive right holder of the "Paul Frank" brand trademark, it formally notified Licensed Operators regarding licensing operations within China (including Hong Kong SAR and Macau SAR) that the *Master License Agreement* signed with the Grand Union Company was officially terminated and immediately ceased to be effective as of September 23, 2022; the Grand Union Company and its various sub-licensees, distributors, suppliers, etc., must immediately cease all activities related to the operation of the brand "Paul Frank" and were granted a certain period for inventory clearance; the Paul Company also fully

promoted the use of the brand "Paul Frank" and took action against infringers, among other things.

On November 22, 2022, the Paul Company (Applicant) initiated arbitration with the California International Arbitration Center JAMS, demanding compensation from the Grand Union Company.

On December 16, 2022, the Grand Union Company (Respondent) filed a counterclaim with the arbitration tribunal, requesting a ruling that the Grand Union Company did not result in a "material breach" as defined in the *Master License Agreement*; the alleged termination of the *Master License Agreement* was invalid (or, to say the least, wrong); the Paul Company shall pay damages to the Grand Union Company, the amount of which will be determined in this arbitration procedure, including interest; the Paul Company shall not interfere with the relationship between the Grand Union Company and the sublicensees, and shall only contact the sublicensees through the Grand Union Company.

During the proceedings of the aforementioned US arbitration case, the Paul Company, as the exclusive owner of the trademark rights, began to carry out business activities such as "Paul Frank" brand trademark licensing. The Paul Company licensed relevant trademarks under the brand "Paul Frank" by way of ordinary license or exclusive license to Quanzhou Ruiya Brand Management Co., Ltd. (hereinafter referred to as the Ruiya Company), and registered the filing. The filing announcement provided by the parties showed that the license term was from May 1, 2023, to April 30, 2024. During this period, the Paul Company also carried out rights protection activities for what it considered to be infringing acts, including applying for notarized evidence collection, sending a *Letter of Complaint* to Tmall, and filing a lawsuit with the court, etc.

Concurrently, CBG and the CBG Shanghai Branch sued the Paul Company and the Grand Union Company for trademark infringement and unfair competition. In this case, because CBG had previously signed a *License Agreement* with the Grand Union Company, it and the CBG Shanghai Branch filed a rights protection lawsuit as Plaintiffs in their capacity as exclusive licensees of the "Paul Frank" brand trademark and copyright. On December 31, 2024, the Shandong High People's Court issued Civil Ruling (2024) LMZ No. 795, holding that the first-instance court's judgment found the basic facts unclear and the procedure improper, and remanded the case for retrial. Specifically, regarding whether a valid license contract existed between CBG and the Grand Union Company, and whether CBG fulfilled its contract with the

Grand Union Company, the ruling held that the first-instance findings were unclear. During the trial, the Paul Company and the Grand Union Company both confirmed that the remanded case for retrial had not yet been concluded as of the present date.

Regarding the Paul Company's rights protection cases, the Shanghai Intellectual Property Court separately issued Civil Judgments (2023) H 73 MZ No. 952 and (2023) H 73 MZ No. 957 on May 30, 2024, both of which rejected the Paul Company's appeal requests. Whether the Defendant's alleged actions in these two cases, such as using related logos and other identifiers of the brand "Paul Frank", result in infringements, depends on the disputes between the Paul Company and the Grand Union Company, including whether the Grand Union Company committed the material breach alleged by the Paul Company, and whether the *Master License Agreement* signed between the Paul Company and the Grand Union Company was terminated due to the Paul Company's unilateral termination of the contract. Given that the authorization period stipulated in the *Master License Agreement* and related amendment agreements has not yet expired, and the aforementioned disputes between the Paul Company and the Grand Union Company are still undergoing arbitration proceedings before foreign arbitration institutions, it is currently impossible to determine whether the Defendant's alleged infringing acts, such as using the trademarks involved in these two cases, result in authorized legal acts or infringing acts. As the arbitration proceedings concerning the *Master License Agreement* have not yet concluded and the termination of the relevant agreements remains undetermined, the Paul Company's infringement lawsuit is not supported.

On June 6, 2024, the arbitration tribunal in the United States issued an *Interim Award*, which elaborated on the proceedings of the aforementioned arbitration case and ruled that the Paul Company's *Notice of Termination* and *Termination Letter* <*Master License Agreement*> are invalid.

By purporting to terminate the license when it did, Paul Frank did not allow for any correction or collaboration with respect to its lapse, and Grand Union could not meaningfully develop the Brand it had paid for. Paul Frank's breaches damaged Grand Union significantly. Grand Union's sublicensees likely suffered significant financial losses. Grand Union was deprived of the benefit of the remaining eight years for which it had paid a large portion of its $73.5 (65 + 8.5) million advance payments. Conclusion: Declares that Paul Frank's purported termination of the MLA is invalid and ineffective;; Grants Grand Union its counterclaims against Paul Frank for Paul Frank's failure to perform, and awards Grand Union its damages for Paul Frank's breach based on wasted costs, including interest allowed by California law;;

Orders that, consistent with the terms of the amended MLA, Paul Frank must:: 1. provide Grand Union with a current notarized Letter of Authorization, a current notarized Power of Attorney, a complete set of all relevant trademark certificates obtained by Paul Frank in relation to the Brand within 30 days of the Final Award in this Arbitration;; 2. continue to provide Grand Union any replacement and updating of such formal documents as needed upon written request from Grand Union;; 3. refrain from interfering with Grand Union's relationships with its Sublicensees.. Fees and costs of arbitration to date are not awarded. With respect to the remedies above and preparation for the Arbitrator's Issuance of a Final Award, within one week of the date issuance of this Interim Award:.

Upon receiving the aforementioned Civil Judgments (2023) H 73 MZ No. 952 and (2023) H 73 MZ No. 957, and the *Interim Award*, the Grand Union Company sent a letter to the "Pinduoduo Platform" on July 8, 2024. The letter informed that the Grand Union Company continuously holds exclusive intellectual property right licenses and sublicenses for the brand "Paul Frank" in Chinese mainland, Macao SAR and Hong Kong SAR during the licensed term from January 1, 2015 to February 28, 2030. It further stated that the Paul Company shall neither use nor authorize any other third party to use the exclusive rights previously enjoyed by the Grand Union Company during the Grand Union Company's exclusive licensed term. The Paul Company and its related entities shall be liable for breach of contract or tortious infringement under the law for acts committed during the licensed term that infringed upon the Grand Union Company's exclusive rights. The Grand Union Company requests the Pinduoduo platform to cease allowing the Paul Company to repeatedly authorize customers to open stores on Pinduoduo. Otherwise, the Grand Union Company will also consider holding the platform jointly liable. The Grand Union Company enclosed in its letter part of the aforementioned Interim Award, two Judgments, and the filing announcement of the trademark license granted by the Paul Company to the Ruiya Company.

The Grand Union Company was simultaneously engaged in brand licensing business. On August 15, 2024, it issued a *Brand Letter of Authorization* to Wenzhou Liuzhen Trading Co., Ltd. (hereinafter referred to as the Liuzhen Company), authorizing the Liuzhen Company and its collaborating streamers to promote, market, and sell adult footwear products of the brand "Paul Frank" on the "Kuaishou" platform. The authorization period is from August 15, 2024 to June 20, 2025.

The Xunmeng Company, the operator of the Pinduoduo platform, believed after receiving the aforementioned letter that Grand Union Company had not filed a complaint in accordance

with the intellectual property right complaint guidelines published on the Pinduoduo platform. Furthermore, after verifying with the relevant stores, it was found that the stores had authorization from the Paul Company, the trademark owner. Therefore, it did not take measures such as sales prohibition.

On September 3, 2024, the Grand Union Company sent another notification letter to the Xunmeng Company, reiterating the content of the previous letter and demanding that the Xunmeng Company actively clear and delete relevant stores, and prohibit stores authorized by the Paul Company from selling products related to the brand "Paul Frank". The letter was accompanied by the aforementioned Civil Judgments (2023) H 73 MZ No. 952 and (2023) H 73 MZ No. 957.

The Grand Union Company discovered that the Wuji Company was operating a "PAUL FRANK Footwear Official Flagship Store" on the Pinduoduo platform, selling multiple styles of shoes bearing the "Paul Frank" brand trademark. The number of items already grouped/purchased for these products was significant. Therefore, on November 19, 2024, the Grand Union Company applied for timestamp certification to preserve evidence and issued a *Cease and Desist Letter* to the Wuji Company, stating that the Grand Union Company was the exclusive licensee of the brand "Paul Frank", and demanding that the Wuji Company cease using the Paul Company's Brand Letter of Authorization, delist the products from the alleged infringing store, and proactively contact regarding compensation matters. Attached to this letter were Civil Judgments (2023) H 0107 MC No. 24237 and (2023) H 73 MZ No. 952.

The Wuji Company did not respond, and the Grand Union Company filed the present lawsuit on December 12, 2024.

During the trial of this case, the Grand Union Company respectively applied to the Shanghai Jing'an Notary Public Office on April 8, 2025, and August 20, 2025, for notarization of evidence preservation. The Notary Public Office respectively issued notarial certificates (2025) HJZJ ZI No. 214 and No. 607. According to the content of the evidence collection, it showed that the Grand Union Company's Agent browsed the alleged infringing store in question operated by the Wuji Company on two separate occasions. The product names in the store used the letters "Paul Frank". The Agent purchased four styles of shoes separately, paying a total of RMB 411.

During the trial, after the parties confirmed that the aforementioned purchased shoes were sealed intact, they were unsealed in court and found to be four pairs of shoes of different styles.

On the shoeboxes, shoes, and hangtags, there were registered trademarks No. 10065953 and
No. 10065563. Some shoes also bore trademark No. 3627293 and were marked with ®. The
shoe box also indicated the name and address of the master licensor, the Paul Company, as well
as the Licensee and manufacturer.

The Wuji Company confirmed that the aforementioned purchased shoes were sold by it.
The Paul Company confirmed that the shoes purchased in question were authorized for
production by the Paul Company and were genuine products of the brand "Paul Frank".

Both the Wuji Company and the Xunmeng Company provided evidence to prove that the
Wuji Company provided the Paul Company's Brand Letter of Authorization when it opened
the "PAUL FRANK Footwear Official Flagship Store" on Pinduoduo in 2023. On June 29,
2024, the Wuji Company further provided a Brand Letter of Authorization from the Ruiya
Company. There was a total of 4 Letters of Authorizations, with largely identical content. The
main content was: authorizing the Wuji Company to open a "PAUL FRANK Footwear Official
Flagship Store" on the Pinduoduo platform, with the right to promote and sell goods in the
category of vulcanized shoes (excluding slippers and rain boots, women's size 35 and above,
men's size 39 and above) and injection molded shoes (women's size 35 and above) for adults
aged 18 and above, as specified in the Class 25 trademark. The grantor committed not to open
a "PAUL FRANK Footwear Official Flagship Store" on the Pinduoduo platform during the
aforementioned period, nor to authorize any other company to open a "PAUL FRANK
Footwear Official Flagship Store" on the Pinduoduo platform. The authorization periods of the
4 Letters of Authorization were continuous, spanning from July 5, 2023 to April 30, 2026. The
headers of all 4 Letters of Authorization were marked with the icons of registered trademarks
No. 10065953 and No. 10065563. However, only one of these Letters of Authorization
indicated the trademark registration certificate numbers of the goods, namely No. 7196334 and
No. 10065953, when authorizing the promotion and sale of shoes specified in the Class 25
trademark.

As the Xunmeng Company disclosed the sales volume of goods actually sold and purchased
on April 8, 2025, during the trial of this case, based on the time when the Grand Union
Company provided evidence, the Grand Union Company applied to this court to retrieve the
total sales volume of the "PAUL FRANK Footwear Official Flagship Store". Upon this court's
request and retrieval by letter, the Xunmeng Company provided the total sales revenue of the
alleged infringing store in question, which amounted to over RMB 1,068,600. The alleged
infringing store in question has now changed its name, and all involved products of the brand

-14-

"Paul Frank" within the store have been removed from shelves.

During the trial of this case, the Grand Union Company provided the "final award" issued by the aforementioned US arbitral tribunal on July 2, 2025, which was notarized, authenticated, and accompanied by a translation. The content relevant to the dispute in this case is as follows: "VI. LIABILITY CONCLUSION. The undersigned Arbitrator came to a decision regarding liability, finding basically that Grand Union had not committed a Material Breach and that Paul Frank had failed materially to perform, thus entitling Grand Union to damages on a breach of contract theory measured by a wasted costs measure ... Given that the above liability decision forms a basis for damages to be awarded to Grand Union, which the Parties discussed and debated in their various briefings about damages and in other Requests and Motions between June 25, 2024 and May 28, 2025, the Arbitrator has withdrawn the specific performance and injunctive-type temporary measures or suggestions set out in the Interim Award, These injunctive measures were possible measures or bases for the Parties to attempt to mitigate damages, if possible, to avoid future damages to the brand or to their business relations, to avoid losses and/or to preserve business relations or the potential therefore. and/or to wind-down in an orderly manner during the period, within the jurisdiction of the Arbitration, prior to the final determination of the specifics of the damages remedy and amount. These measures were in large part ignored or objected to by the Parties. Thus, at this stage, the Arbitrator is not imposing on any Party any new performance requirements or any injunctive relief measures (such as providing formal documents, etc.) that would require them to resume, preserve status quo or conduct their activities consistent with the terms of the MLA or Second Amendment.... The wasted costs damages calculation effectively refunds Grand Union the portion of the license fee relating to the period from termination to the end of the LA in 2030. It assumes that Licensee will not resume activities, effectively resulting in a refund of the license fee to Grand Union for future periods even though Grand Union will [or would] now continue to have use of the license. As such, no credit is given for the fact that resumption of the license ... would [or could] enable Grand Union to continue to receive the benefit of the MLA in the future. This essentially results in "double dipping" of damages. By awarding both all the wasted costs damages and resumption of the license, Grand Union Company is essentially receiving free use of the license until February 28, 2030." "VIII. SUMMARY OF AWARD. (a) Respondent has not committed a Material Breach with respect to Claimant that is actionable as defined in the amended MLA;; (b) All claims for relief asserted by Claimant in this Arbitration are denied;; (c) Claimant's purported termination of the LA with respect to Respondent was invalid, ineffective

and amounted to a breach of the MLA;; (d) Respondent has not established its entitlement to damages for any failures by Claimant during the term at issue to perform under the Second Amendment; (e) Respondent, through its counterclaims against Claimant, is entitled to monetary damages from Claimant due to Claimant's its failure and refusal to perform, such damages in the amount of (a) US **$26,966,117** to be based on the wasted costs measure articulated at the Arbitration, plus (b) any interest allowed by California law. Claimant shall pay to Respondent **$36,016,389.14** (consisting of (a) damages in the principal amount of US $26,966,117 and (b) 10% simple interest from February 23, 2022 until the date of the Final Award in the amount of US $9,050,272.14) (the "Awarded Amount"), plus (c) interest of 10% simple interest, per annum (or a daily rate of 0.027% ) on any unpaid portion of the Awarded Amount from the date of the Final Award until the full satisfaction of the Final Award. (g) Respondent is the prevailing party. (h) There is no award of costs or fees. All Parties are responsible for their share of the costs of the arbitration."

The Grand Union Company stated that regarding the aforementioned "final award", the Grand Union Company is currently in the process of applying for judicial recognition and enforcement.

It was further found that the Grand Union Company and HanSheng Law Offices separately signed the *Lawyer Engagement and Agency Agreement* and *Legal Service Agreement* on March 27, 2025, agreeing that for this case, the Grand Union Company would pay a basic legal service fee of RMB 100,000 for the first-instance, second-instance, and enforcement proceedings, and also agreed on the calculation method for contingency fees, etc. On April 10 and August 15, 2025, the Grand Union Company each paid RMB 50,000 in attorney's fees. Shanghai Jing'an Notary Public Office separately collected RMB 1,000 each from the Grand Union Company on April 17 and September 1, 2025, for the notarization fees of the aforementioned two notarial certificates.

The above facts are supported by the trial statements of the Grand Union Company, the Wuji Company, the Paul Company, and the Xunmeng Company, as well as the evidence on file provided by all parties and the trial transcripts, which have been verified as true through cross-examination and are confirmed by this court.

This court holds that the focus of the dispute in this case is: I. Whether the Grand Union Company has the right to file this infringement lawsuit and whether it is the proper party in this case; II. Whether the Wuji Company's actions result in trademark infringement and whether

the defense of legitimate source applies; III. During the arbitration process of the contract
dispute, the Grand Union Company filed an infringement lawsuit concerning the "Paul Frank"
brand trademark, for which the ownership dispute was unresolved. Does this constitute two
lawsuits in one case, and are the infringement facts it claims established? IV. Does the
compensation award made by the arbitration tribunal concerning the contract dispute already
cover the circumstances of the present case? The Grand Union Company has already received
the "Awarded Amount"; does claiming compensation again constitute double claiming? Should
the Paul Company be liable for compensation for its actions in the present case?

Regarding the first point of contention, this court holds that the parties' dispute involves
three aspects. Firstly, although the Grand Union Company and the Paul Company stipulated in
the *Master License Agreement* they signed that contract disputes should be submitted to an
American arbitration tribunal for arbitration, thereby excluding the jurisdiction of courts in
China, the Grand Union Company explicitly states that it is not asserting a contract dispute in
the present case, but rather an infringement dispute. The parties have no agreement regarding
the jurisdictional body for infringement actions; therefore, the statutory provisions should
apply. Courts in China naturally possess jurisdiction over infringement cases occurring within
China. Therefore, this court rejects the Paul Company's defense that this court lacks
jurisdiction over the present case. Secondly, although relevant laws in China stipulate that if
one party's breach of contract harms the personal or property rights and interests of the other
party, the aggrieved party has the right to choose to claim either liability for breach of contract
or tort liability. However, this provision applies to situations where a breach of contract
simultaneously results in an infringement, requiring the party to choose one legal relationship
to assert their rights, and preventing them from both asserting rights based on a contract dispute
and seeking compensation based on an infringement dispute. However, the infringement
dispute in the present case, although somewhat related to a breach of contract, the breach of
contract dispute concerning early termination of the contract does not necessarily
simultaneously give rise to the alleged infringing act at issue. That is, the breach of contract
and the alleged infringing act at issue are mutually independent and do not constitute a
concurrence of claims. The parties are not required to choose between the two; they may opt
for either a contract lawsuit or an infringement lawsuit. This court rejects the Defendant's
argument that the present case constitutes a repetitive litigation, and that the Grand Union
Company, having already applied for arbitration regarding the contract dispute, cannot file
another infringement lawsuit. The Grand Union Company possesses the right to sue in the

-17-

present case. Finally, although there is also an infringement lawsuit pending between CBG and the Grand Union Company, in which CBG asserted rights as the exclusive licensee of the brand "Paul Frank", that case has been remanded for retrial by the Shandong High People's Court and is currently not concluded. This means that the fact of whether the Grand Union Company has transferred the exclusive right to use the brand "Paul Frank", which it obtained from the Paul Company, to CBG has not been ascertained, and the rights claimed by CBG have not been recognized. Therefore, the existing evidence still demonstrates that the Grand Union Company is the exclusive licensee of the brand "Paul Frank", possesses the right to file the present lawsuit, and is the proper plaintiff in this case.

Regarding the second point of contention, this court holds that, firstly, the Wuji Company is a seller, and it opened a store on Pinduoduo to sell goods of the brand "Paul Frank". The shoes purchased by the Grand Union Company through notarization clearly indicated the names and addresses of the master licensor the Paul Company, as well as the Licensee and manufacturer, none of which was the Wuji Company. Therefore, the Grand Union Company has no evidence to prove that the Wuji Company is the manufacturer of the alleged infringing product and should bear the legal consequences of failing to provide evidence. The Grand Union Company, without evidence, insists on claiming that the Wuji Company is the manufacturer and should bear the responsibility of a producer, which is without legal basis, and this court does not support it. Secondly, when the Wuji Company opened the alleged infringing store in question on Pinduoduo, it obtained authorization from the Paul Company, the owner of the "Paul Frank" brand trademark. The shoes it sold were also verified as authorized for production by the Paul Company. Therefore, as a seller, the Wuji Company has fulfilled its necessary duty of review and due diligence. As for the trademark rights dispute between the Grand Union Company and the Paul Company, the Wuji Company, as a general seller, could hardly have known. The Grand Union Company claimed during the trial that the Liuzhen Company and the Wuji Company are affiliates, and the actual controllers of both companies are the same. The Grand Union Company authorized the Liuzhen Company to sell goods of the brand "Paul Frank"; therefore, the Wuji Company should have known that the Grand Union Company is the exclusive licensee of the brand "Paul Frank", and the Paul Company has no right to use the trademark involved, implying the Wuji Company had malicious intent to infringe, knowing the facts. Both the Liuzhen Company and the Wuji Company are independent legal entities. As to whether they are affiliates with the same actual controller, with intertwined businesses and mutual awareness, when the Wuji Company denies this, the

Grand Union Company's evidence is insufficient to prove its point, lacking sufficient basis, and this court finds it difficult to accept. Even if, to take a step back, there is some equity connection between the two companies, the evidence on file shows that the Wuji Company obtained authorization from the Paul Company to open the alleged infringing store in question first, and the Grand Union Company authorized the Liuzhen Company to sell later. The Grand Union Company's inference of malice in the prior act based on a subsequent act violates logic, is without legal basis, and this court does not support it. Furthermore, the Grand Union Company claims that even if the Wuji Company obtained brand authorization from the Paul Company and the Ruiya Company to open a store and sell goods on Pinduoduo, these authorizations were for selling shoes bearing trademarks No. 7196334 and No. 10065953. The header of the Letter of Authorization indicated trademark icon No. 10065563 and did not authorize the use of trademark No. 10065935 "Paul Frank" and trademark No. 3627293. However, some shoes sold by the Wuji Company bore trademark No. 3627293, and it used the letters "Paul Frank" in the product names, which constitutes using the trademark beyond the scope of authorization and can at least be deemed to have infringed the rights of these two trademarks. The Wuji Company should bear liability for infringement compensation for it. This court holds that regarding the seller's duty of care and the review of legitimate source, overly strict conditions cannot be imposed. Trademarks No. 3627293 and No. 10065953 are both letters, differing only in capitalization. When compared in isolation, they can also be determined as identical marks. Moreover, there are hundreds of trademarks under the brand "Paul Frank", consisting of uppercase and lowercase letters, designs, text, and combinations of text and designs, etc., and consumers habitually refer to them as "Paul Frank" trademarks. During the trial, the Paul Company and the Grand Union Company also often collectively referred to the brand "Paul Frank" in their statements. Therefore, given that the Wuji Company obtained authorization from the Paul Company, with the Letter of Authorization specifying the sale of goods bearing trademark No. 10065953, the graphic and text composite trademark No. 10065563 in the header of the Letter of Authorization included the letters "Paul Frank", and the authorized store's name was explicitly "PAUL FRANK Footwear Official Flagship Store", the presence of the capitalized "PAULFRANK" trademark No. 3627293 on some of the shoes it sold, and the use of "Paul Frank" in the product name, served to indicate to consumers that its authorized store was selling goods of the brand "Paul Frank". The actions of the Wuji Company did not result in an intentional tort beyond the scope of its authorization. As a seller, it had fulfilled its reasonable duty of care and due diligence, and therefore should not be held liable for tort damages.

Regarding the third point of contention, this court finds that the contract dispute is still undergoing arbitration, and the questions of whether the contract should be terminated early and whether the Grand Union Company still holds the exclusive license to the "Paul Frank" brand trademark are still under arbitration review. The Grand Union Company's filing of an infringement lawsuit concerning a trademark whose ownership is still disputed, in the capacity of a relevant rights holder, is indeed inappropriate, raising concerns of untimely rights protection and a waste of judicial resources. However, as per the analysis of first point of contention mentioned above, although the tort action in this case is somewhat related to the contractual dispute during the arbitration process, the dispute over whether the contract is terminated does not necessarily simultaneously give rise to the alleged tortious act in this case. Therefore, the Plaintiff's filing of this lawsuit does not constitute two actions in one case. Given that during the proceedings of this case, the contract dispute was settled by the "final award" issued by the arbitration tribunal, the dispute between the parties regarding the rights to the "Paul Frank" brand trademark ceased on July 2, 2025, with the issuance of the "final award". Therefore, whether the Paul Company's actions result in infringements should be determined based on the outcome of the "final award". The final award found that the Paul Company's termination of the *Master License Agreement* against the Grand Union Company was invalid and ineffective, and resulted in a breach of the agreement. Accordingly, it can be determined that the *Master License Agreement* signed by both parties is valid, and the Paul Company may not arbitrarily terminate the contract prematurely. This means that within the validity period stipulated in the contract, the Grand Union Company is the exclusive licensee of the "Paul Frank" brand trademark. Although the Paul Company is the registered exclusive right holder of the trademark, it is legally not entitled to use the "Paul Frank" brand trademark. The alleged infringing act of the Paul Company, which involved externally licensing the trademark involved during the term of the *Master License Agreement*, infringed upon the Grand Union Company's exclusive license to the "Paul Frank" brand trademark as contractually agreed, encroached upon the Grand Union Company's market share, and caused losses to Grand Union Company. Therefore, the Paul Company should legally bear civil liability for ceasing the infringement and compensating for the losses. The Paul Company claimed that, as the registered exclusive right holder of the trademark, it had the right to license the trademark to other parties after terminating the authorization and license to the Grand Union Company. This claim is without legal basis and is not supported by this court.

Regarding the fourth point of contention, this court holds that the arbitration tribunal has

made an award of compensation for the contractual dispute, requiring Paul Company to pay Grand Union Company the "awarded amount", which was calculated according to the "wasted costs damages" method stipulated by U.S. law. Examining the basis and reasoning of the award, this compensation was made considering "assumes that Licensee will not resume activities, effectively resulting in a refund of the license fee to Grand Union for future periods even though Grand Union will [or would] now continue to have use of the license." "This essentially results in a 'double dipping' of damages". By awarding both all the wasted costs damages and resumption of the license, Grand Union is essentially receiving free use of the license until February 28. 2030." Based on the above text, it can be confirmed that the arbitrator ruled that Grand Union Company obtained the right to use the license for free until February 28, 2030, meaning it could resume performing the contract; however, considering the disputes between the parties, Grand Union Company might not be able to smoothly perform subsequent contracts and might not be able to effectively market the brand "Paul Frank" for which it paid license fees, therefore, when awarding compensation, the loss "assumes that Licensee will not resume activities" was considered, meaning it was assumed that Grand Union Company could not smoothly exercise its rights, and Paul Company would compensate Grand Union with the license fees collected for the future license period, as to allow Grand Union Company to use the brand "Paul Frank" for free. This compensation reflects a penalty for the breaching party and provides Grand Union Company with a double guarantee, that Grand Union Company may continue to perform the contract and use the brand "Paul Frank", and may also receive compensation of refunded cost of license if Grand Union Company's operation [of the brands] is not resumed. It can be found that the compensation amount awarded in the arbitration did not cover the scenario in the present case that Paul Company, after granting an exclusive license of the trademarks in question to Grand Union Company for use, constituted infringement by subsequently licensing the brand "Paul Frank" to third parties without permission. Therefore, even though Grand Union Company has already awarded the "awarded amount", it can still claim compensation for Paul Company's infringement disputed in this case, and this does not constitute double claiming.

In summary, the Wuji Company is not the manufacturer, and the Grand Union Company's claim that it is the manufacturer of the shoes of the brand "Paul Frank" involved in this case is not supported. The Wuji Company, having opened a store on Pinduoduo to sell the goods of the brand "Paul Frank" involved in this case, has fulfilled its duty of due diligence and had no infringing intent, thus it should not bear liability for compensation. The Wuji Company's

alleged infringing store in question has been renamed, and all products of the brand "Paul Frank" involved in this case have been removed from the store. Therefore, this court does not support the Grand Union Company's request for a judgment ordering the Wuji Company to cease infringements and remove product links. The Paul Company's infringing act involved in this case is established, and it shall bear civil liability for ceasing infringements and compensating for losses in accordance with the law.

Regarding the economic losses claimed by the Grand Union Company, as the Plaintiff is unable to provide evidence of the actual losses suffered due to the infringing act involved in this case and the Paul Company's profits from the infringement, the request for statutory compensation is in line with relevant legal provisions, and this court grants it. This court, after comprehensively considering the reputation of the trademarks in question, the Paul Company's degree of fault, the duration of the infringement, the contribution of the manner of using the infringing trademark to product sales, and the damages resulting from the infringing act, as well as other circumstances of this case, shall determine the amount at its discretion. Meanwhile, the Grand Union Company explicitly stated during the trial the period and scope of infringement it claims, and there are other similar cases still in litigation. Therefore, in this case, it claims that the Paul Company's compensation scope is limited to the sales amount of goods of the brand "Paul Frank" in the alleged infringing store opened by the Wuji Company on Pinduoduo involved in this case. Regarding the reasonable expenses claimed by the Plaintiff, although evidence was provided, the claimed attorney's fees are excessively high. This court, based on the fee standards of the legal and notary professions, the complexity of rights protection in this case, and other circumstances of this case, shall discretionarily support the reasonable portion thereof.

In accordance with Article 43(1), Article 48, and Article 63(1) and (3) of the *Trademark Law of the People's Republic of China*, and Article 3(1), Article 16(2), and Article 17 of the *Interpretation of the Supreme People's Court on Several Issues Concerning the Application of Law in the Trial of Civil Dispute Cases Involving Trademarks*, the judgment is as follows:

I. Defendant PAUL FRANK LIMITED shall immediately cease infringing the exclusive license to the trademarks in question of Plaintiff Grand Union International Trading Limited, effective from the date this judgment takes effect;

II. Defendant PAUL FRANK LIMITED shall pay Plaintiff Grand Union International Trading Limited a total of RMB 168,000 for economic losses and reasonable expenses within

ten days from the effective date of this Judgment;

III. The remaining claims of Plaintiff Grand Union International Trading Limited are hereby dismissed.

If the monetary obligation is not performed within the period specified by this Judgment, interest on the debt for the period of delayed performance shall be paid at double the rate, in accordance with Article 264 of the *Civil Procedure Law of the People's Republic of China*.

The case acceptance fee of RMB 46,800 and the property preservation fee of RMB 5,000 shall be borne as follows: Plaintiff Grand Union International Trading Limited shall bear RMB 31,200, and Defendant PAUL FRANK LIMITED shall bear RMB 20,600.

If the parties are dissatisfied with this Judgment, an appeal may be filed with this court within thirty days from the date of service of the Judgment, by submitting a petition for appeal and copies thereof corresponding to the number of opposing parties or their representatives, to the Shanghai Intellectual Property Court.



| | |
|---|---|
| Presiding judge | Wang Limin |
| Judge | Lyu Qingfang |
| Judge | Wang Weijia |

Shanghai Xuhui District People's Court (Seal)

December 11, 2025

**This document is verified to be identical to the original.**

Clerk            Cai Jiani



-23-

**Attachments: Relevant legal provisions**

I. Trademark Law of the People's Republic of China

Article 43 The trademark registrant may, by concluding a trademark license contract, authorize other persons to use the registered trademark.

……

Article 48 The use of trademarks herein refers to such activities as using trademarks on goods, goods packaging or containers and goods transaction documents, or using trademarks in advertising, exhibits and other commercial events so as to identify the sources thereof.

Article 57 Any of the following acts shall constitute infringement of the exclusive right to use a registered trademark:

……

(VII) Other conducts causing prejudice to others' exclusive right to use its registered trademark.

Article 63 The amount of compensation for infringing the exclusive right to use the trademark shall be determined based on the right owner's actual losses due to infringement or the infringer's actual interests obtained due to the same if the actual losses are hard to be determined, or may be determined based on times of the royalties of the registered trademark when both the losses or the infringer's actual interests obtained are hard to be determined. For malicious infringement on the exclusive license to trademarks, the amount of compensation may be between one time to five times the aforesaid amount determined in light of the foregoing regulations. The amount of compensation shall include reasonable expenses of the right owner to prevent the infringement.

……

Where it is hard to determine the right owner's actual losses due to infringement, the infringer's actual interests obtained due to the same or the royalties of the registered trademark, the People's Court shall, based on the actual circumstance of infringement, bring in a verdict of amount up to RMB 5 million.

II. Interpretation of the Supreme People's Court on Several Issues Concerning the Application of Law in the Trial of Civil Dispute Cases Involving Trademarks

Trademark licenses stipulated in Article 43 of the Trademark Law include the following three types:

(I) Exclusive license for use means that within the agreed period, territory, and under specified terms, the trademark registrant grants only one licensee the right to use the registered trademark, while the trademark registrant cannot use it according to the agreement.

……

Article 16...

When the people's court determines the amount of compensation by applying the provisions of Article 63(3) of the Trademark Law, it shall comprehensively consider factors such as the nature, duration, and consequences of the infringement, the degree of subjective fault of the infringer, the reputation of the trademark, and reasonable expenses for stopping the infringement.

……

Article 17 Reasonable expenses paid to stop the infringement as stipulated in Article 63(1) of the Trademark Law include reasonable costs for the right holder or their authorized agent to investigate and collect evidence of the infringement.

The people's court may, based on the litigation request of the parties and the specific circumstances of the case, include attorney's fees that comply with the regulations of relevant state departments in the scope of compensation.


