O

# United States District Court
# Central District of California

| | |
|---|---|
| PAUL FRANK LIMITED,<br><br>Petitioner,<br><br>v.<br><br>GRAND UNION INTERNATIONAL TRADING LIMITED,<br><br>Respondent. | Case № 2:25-cv-11415-ODW (Ex)<br><br>**ORDER GRANTING MOTION TO DISMISS AND CROSS-MOTION TO CONFIRM ARBITRAL AWARD [6]** |

## I.    INTRODUCTION

Petitioner Paul Frank Limited brings this Petition to Vacate an Arbitral Award ("Petition") after a JAMS arbitrator issued an award against Paul Frank and in favor of Respondent Grand Union International Trading Limited.  (Notice Removal ("NOR") Ex. A ("Pet."), Dkt. No. 1-1.)  Grand Union now moves to dismiss the Petition and to confirm the arbitral award.  (Mot. Dismiss & Confirm ("Motion" or "Mot."), Dkt. No. 6.)  For the following reasons, the Court **GRANTS** the Motion in its entirety.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND

Paul Frank is a pop culture and character lifestyle brand.  (Mot. 3.)  In 2015, Paul Frank and Grand Union entered into a Master License Agreement ("MLA"), which granted Grand Union rights to use the Paul Frank brand in China.  (NOR Ex. G ("Mem. P&A") 5, Dkt. No. 1-7.)  In 2022, Paul Frank initiated an arbitration against Grand Union after discovering multiple alleged material breaches of the MLA.  (*Id.* at 5–6.)

On July 2, 2025, after a nine-day evidentiary hearing, a JAMS arbitrator issued an award denying Paul Frank's claims for relief and awarding Grand Union $36,016,389.14 in damages (the "Final Award").  (NOR Ex. I ("App'x") Ex. 1 ("Final Award") 2, 38, Dkt. No. 1-9.)  On October 24, 2025, Paul Frank filed the instant Petition in state court.  (*See* Pet.)  On October 27, 2025, Paul Frank purportedly served the Petition on Grand Union's counsel.  (Decl. Jessica R. Corpuz ISO Opp'n ("Corpuz Decl.") ¶¶ 6–9, Dkt. No. 21-1.)

On November 26, 2025, Grand Union removed the action to this Court.  (*See generally* NOR, Dkt. No. 1.)  Grand Union now moves to dismiss the Petition and confirm the Final Award.  (Mot. 2–3.)

## III.    MOTION TO DISMISS

For the following reasons, the Court finds that the Petition is untimely under the Federal Arbitration Act ("FAA"), requiring its dismissal.

### A.    Applicable Legal Standard

As a threshold matter, the parties dispute whether the FAA or the California Arbitration Act ("CAA") governs this action.  (Mot. 7–8; Opp'n 8–9, Dkt. No. 21.)

The FAA "'creates a body of federal substantive law establishing and regulating' arbitration agreements that come within the FAA's purview."  *G.C. & K.B. Invests., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 n.32 (1983)).  Agreements "evidencing a transaction involving commerce" come within the purview of the FAA.  9 U.S.C. § 2; *Johnson v. Gruma Corp.*, 614 F.3d 1062, 1066 (9th Cir. 2010).  Congress has stated

2

that actions falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), "a multilateral treaty that addresses international arbitration," are also within the purview of the FAA. *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 438–39 (2020) (citing 9 U.S.C. § 203).

As the parties do not dispute that the Final Award here falls under the New York Convention, (*see* Mot. 8; Opp'n 8.), the Court proceeds under the "strong default presumption . . . that the FAA, not [the CAA], supplies the rules for arbitration." *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269 (9th Cir. 2002). "To overcome [this] presumption, parties to an arbitration agreement must evidence a 'clear intent' to incorporate state law rules for arbitration." *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306, 1311 (9th Cir. 2004) (quoting *Sovak*, 280 F.3d at 1269). Parties may do this explicitly or by incorporating specific provisions of applicable state law sufficient to evince an intent to adhere to state arbitration rules. *See, e.g.*, *Acquire II, Ltd. v. Colton Real Estate Grp.*, 213 Cal. App. 4th 959, 969–70 (2013) (finding that an agreement's "repeated references to California's procedural rules on arbitration establish[ed] the parties['] intent[]" to adhere to the CAA rather than the FAA). However, reference to a "general choice-of-law clause within an arbitration provision does not trump the presumption that the FAA supplies the rules for arbitration." *Sovak*, 280 F.3d at 1270.

Here, the provisions of the MLA do not overcome the presumption that the FAA's arbitral rules apply. The MLA contains a governing law clause providing that any arbitration between Paul Frank and Grand Union would be "in accordance with the laws of the State of California for agreements made in and to be performed in that State." (App'x ISO Pet. Ex. 3 ("Am. MLA") ¶ 2, Dkt. No. 1-9.) The MLA further states that it "shall be governed by and construed in accordance with the laws of the State of California." (*Id.* ¶ 3.). These provisions are the same "general choice-of-law clauses" that the Ninth Circuit has held "[do] not trump the presumption that the FAA supplies the rules for arbitration." *Sovak*, 280 F.3d at 1270. Furthermore, the Court

finds no other provisions in the MLA evincing the parties' intent to apply California *arbitral* rules, as distinct from California's *substantive* rules. Thus, the FAA's arbitral rules apply by default.

Paul Frank's citations to case law are inapposite and unpersuasive. First, Paul Frank cites *Acquire II*, where a California Court of Appeal applied the CAA over the FAA because the agreement at issue contained a California choice-of-law provision. 213 Cal. App. 4th at 969; (Opp'n 8.) However, as Paul Frank itself notes, (Opp'n 8), the *Acquire II* court also relied on the agreement's additional references to California law, including a provision stating that an arbitral award "may be enforced by appropriate judicial action pursuant to the California Code of Civil Procedure." 213 Cal. App. 4th at 969 (citation modified). The Court finds no analogous provisions in the MLA.

Second, Paul Frank cites *Mastick v. TD Ameritrade, Inc.*, 209 Cal. App. 4th 1258, 1263 (2012), for the proposition that "a California state court will apply the CAA to post-arbitration proceedings" based on a choice-of-law provision alone. (Opp'n 8.) However, as the Court has already noted, such a proposition runs directly counter to the Ninth Circuit's clear command. *See Sovak*, 280 F.3d at 1270; *see also Golden v. O'Melveny & Myers LLP*, No. 2:14-cv-08725-CAS (AGRx), 2016 WL 4168853, at *15 (C.D. Cal. Aug. 3, 2016) (declining to follow *Mastick* after surveying Ninth Circuit case law).

Accordingly, the Court finds that the FAA's arbitral rules apply to this action.

**B.    Timeliness**

Having found that the FAA's rules apply to this action, the Court turns to Grand Union's argument that Paul Frank failed to timely serve the Petition. (Mot. 11–12.) Under the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. The Ninth Circuit strictly applies this rule, having

previously affirmed a district court's denial of a petition that was untimely filed by one day. *Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d 1249, 1252 (9th Cir. 2018).

Here, the JAMS arbitrator filed the Final Award on July 2, 2025. (Final Award 2.) Thus, under FAA rules, Paul Frank had until October 2, 2025, to serve the Petition on Grand Union. However, Paul Frank did not serve the Petition on Grand Union's counsel until October 27, 2025, well after its October 2, 2025, deadline.[2] (Corpuz Decl. ¶¶ 6–9.) Thus, Paul Frank's Petition is untimely and must be denied.[3]

## IV.    CROSS-MOTION TO CONFIRM ARBITRAL AWARD

Grand Union also moves to confirm the Final Award. (Mot. 22.) Under 9 U.S.C. § 207, within three years after an award under the New York Convention, "any party to the arbitration may apply . . . for an order confirming the award as against any other party to the arbitration." "The grounds for a court's refusal or deferral of recognition or enforcement of an arbitration award are limited to the seven grounds listed in Article V of the [New York Convention]."[4] *MediVas, LLC v. Marubeni Corp.*, 592 F. App'x 642, 643 (9th Cir. 2015) (citing *China Nat'l Metal Prods. Imp./Exp. Co. v. Apex Digital, Inc.*, 379 F.3d 796, 799–800 (9th Cir. 2004)). The party seeking to avoid enforcement of the award bears "the burden of showing the existence of a New York Convention defense." *Id.* at 644. The "burden is substantial because the public policy in favor of international arbitration is strong . . . and the New York Convention defenses

---

[2] The Court assumes, without deciding, that Paul Frank's service was effective, as it does not affect the Court's ultimate disposition.

[3] Paul Frank does not argue whether its service was timely under the FAA, only arguing that the CAA applies to this action. (*See* Opp'n 8–9.) Thus, the Court does not decide whether Paul Frank's motion to correct the arbitral award affects the timeliness of its service under the FAA.

[4] Those seven grounds are: (1) the parties were incapacitated or the arbitration agreement was invalid; (2) the party against whom the award is invoked was not given proper notice; (3) the arbitral award is beyond the scope of the arbitration agreement; (4) the composition of the arbitral authority was contrary to law or the arbitration agreement; (5) the award has already been set aside; (6) the subject matter of the arbitration should not have been sent to arbitration; and (7) the recognition or enforcement of the arbitral award would be contrary to public policy. Convention on the Recognition and Enforcement of Foreign Arbitral Awards art. V, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3, reprinted in 9 U.S.C. §§ 201–208.

are interpreted narrowly." *Polimaster Ltd. v. Rae Sys., Inc.*, 623 F.3d 832, 836 (9th Cir. 2010) (citations omitted).

Here, Grand Union expressly asks the Court to confirm the arbitral award. (Mot. 22.)  However, Paul Frank fails to raise any defense under Article V of the New York Convention.  (*See generally* Opp'n.)  Thus, it cannot meet its burden to avoid enforcement of the Final Award.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Grand Union's Motion to Dismiss, (Dkt. No. 6), and **DENIES** Paul Frank's Petition **WITH PREJUDICE**, (Dkt. No. 1-1).  The Court also **GRANTS** Grand Union's Cross-Motion to Confirm the Arbitral Award.  (Dkt. No. 6.)  The Final Award is hereby confirmed.  Judgment shall issue.

**IT IS SO ORDERED.**

April 30, 2026

OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

6